Michael J. Malecek (State Bar No. 171034)
Email address: michael.malecek@kayescholer.com
Peter E. Root (State Bar No. 142348)
Email address: peter.root@kayescholer.com
Stephen C. Holmes (State Bar No. 200727)
Email address: stephen.holmes@kayescholer.com
KAYE SCHOLER LLP
Two Palo Alto Square, Suite 400
Palo Alto, California 94306
Telephone: (650) 319-4500
Facsimile: (650) 319-4700

Attorneys for Defendant
SEQUENOM, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIA DIAGNOSTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEQUENOM, INC, <br><br> Defendant/ <br> Counterclaim-Plaintiff, <br><br> v. <br><br> ARIA DIAGNOSTICS, INC., <br><br> Counterclaim-Defendant, <br><br> and <br><br> ISIS INNOVATION LIMITED <br><br> Nominal Counterclaim-Defendant. | Case No. 3:11-cv-06391-SI <br><br> **SEQUENOM INC.'S OPPOSITION TO ARIOSA DIAGNOSTICS, INC.'S EX PARTE MOTION TO ENLARGE TIME TO FILE ITS OPPOSITION TO SEQUENOM'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> **[Filed concurrently with Declaration of Peter E. Root and Proposed Order]** <br><br> Courtroom: 10 <br> Judge: Hon. Susan Illston |

Pursuant to Local Rule 6-3(c), Defendant/Counterclaim-Plaintiff Sequenom, Inc. ("Sequenom") submits this Opposition to Plaintiff/Counterclaim-Defendant Ariosa Diagnostics, Inc.'s ("Ariosa's") Motion to Enlarge Time To File Its Opposition To Sequenom's Motion for Preliminary Injunction. Ariosa does not need the extension. As an initial matter, Ariosa has not made any showing that it needs to take the deposition of Sequenom's CEO, Dr. Harry Hixson, and it appears that Ariosa's principal purpose in taking his deposition is to harass Sequenom. Dr. Hixson did not submit a declaration in connection with Sequenom's motion for preliminary injunction, and Ariosa has already taken the depositions of the Sequenom executives who had direct, hands-on roles in the matters underlying the motion for preliminary injunction, including the top executive in charge of Sequenom's diagnostic business. In any event, even with the rescheduling of Dr. Hixson's deposition from May 4 to May 8 (due to Mr. Hixson's having to attend a funeral on May 4), Ariosa will still have more than sufficient time to incorporate any snippets of testimony from Dr. Hixson's deposition into its opposition by the May 11 due date. Indeed, Ariosa already has had nearly three months to prepare its opposition. The Court should deny Ariosa's motion for an extension of time to file its opposition, because Ariosa does not need any additional time and the delay will only unnecessarily upset the briefing schedule and prejudice Sequenom.

Ariosa first received Sequenom's motion for preliminary injunction on February 22, 2012, when the motion was first filed in *Sequenom v. Aria*, SDCA Case No. 12-cv-0189. Immediately thereafter the parties met and conferred with respect to expedited discovery and a briefing schedule, but Ariosa declined to move forward with discovery pending the resolution of Sequenom's motion to dismiss the present case or transfer it to the Southern District. Sequenom re-filed the motion in this Court on March 9, 2012, one day after this Court denied Sequenom's motion to dismiss or transfer. When Sequenom re-filed the motion in this case, the Court scheduled the motion to be heard on April 13, 2012.

Ariosa then sought to enlarge the time for it to do "expedited" discovery. After several rounds of negotiation, and letter briefing to this Court, the parties entered into a stipulation as to the scope of the expedited discovery and a briefing and hearing schedule, which this Court

entered as an order on March 21, 2012 (Dkt. 47). Under the new schedule, Ariosa's opposition is due May 11, 2012, which means that Ariosa will have had over two-and-one-half months to work on its opposition to the papers it received back on February 22, in what is supposed to be an expedited proceeding. Under the stipulated order, Sequenom's reply brief is due June 1, 2012, and the hearing is set for June 15, 2012.

The stipulated order allows each party to depose the other party's declarants and, as insisted upon by Ariosa, one additional percipient witness. Sequenom's motion for preliminary injunction is supported by declarations from four individuals, including two Sequenom executives and two expert witnesses. The two Sequenom executives are Dereck Tatman, head of business development, and William Welch, head of Sequenom's diagnostics business. The diagnostics business includes Sequenom's innovative non-invasive prenatal test the MaterniT21-PLUS with which Ariosa's accused infringing product (the Harmony Prenatal Test) competes in the market that Sequenom is creating from scratch. Ariosa took Dr. Tatman's deposition on April 24 and Mr. Welch's deposition on April 26.

Dr. Hixson is Sequenom's CEO. He did not submit a declaration in support of Sequenom's motion for preliminary injunction. To be sure, under the stipulated order Ariosa is entitled "to take one (1) additional individual deposition of a percipient witness whose testimony is relevant to the pending motion for preliminary injunction," but Ariosa has not shown any need to take Dr. Hixson's deposition. Sequenom's motion for preliminary injunction does not rely on any facts that are uniquely within Dr. Hixson's knowledge. Ariosa has not pointed to any subject matter on which they need to depose Dr. Hixson, nor how his testimony would be anything other than, at best, cumulative of the percipient testimony of Dr. Tatman and Mr. Welch. Indeed, Dr. Tatman and Mr. Welch had direct knowledge of and involvement in the matters underlying Sequenom's motion, whereas Dr. Hixson, as CEO, had a much less "hands-on" role.

There is nothing in Sequenom's document production that indicates that Dr. Hixson played a direct role in or possesses unique knowledge about the matters underlying Sequenom's motion for preliminary injunction. Ariosa does not even pretend this is the case, nor could it. Sequenom made a full and complete production on April 11, in accordance with the stipulated

order (unlike Ariosa, whose paltry production on April 11 did not include even a single email). On April 12, less than 24 hours after Sequenom delivered 10,140 documents (compared to 1,420 eventually produced by Ariosa, most of which were produced only after Sequenom's counsel sent several deficiency letters.)[1] It is apparent that Ariosa had Sequenom's CEO in mind all along when it negotiated being able to depose an additional percipient witness, rather than examining the produced documents to identify someone with particular relevant knowledge.

In sum, Sequenom believes that Ariosa's deposition of Dr. Hixson is for purposes of harassment. Nevertheless, rather than seek a protective order on the grounds that Ariosa sought an improper "apex" deposition—Ariosa has made no showing of Dr. Hixson's particular knowledge — Sequenom instead made Dr. Hixson available to Ariosa to avoid a dispute that could lead to delay and upset the already enlarged schedule, and instead to stay on track for a timely ruling on Sequenom's motion for preliminary injunction. But Ariosa has managed to manufacture a dispute nonetheless. Because Dr. Hixson needs to attend a funeral this Friday (the date originally scheduled for his deposition), Sequenom promptly rescheduled the deposition to Tuesday, only to encounter Ariosa's complaint that they received "only" three days notice for a *funeral*, and its seeking to upset the briefing schedule.

There is no reason to extend Ariosa's time to file its opposition. Ariosa will have had more than two-and-a-half months to prepare its papers, with timely production by Sequenom of its documents and timely deposition of all four of Sequenom's declarants. The additional deposition of Dr. Hixson on Tuesday, May 8, is three full days before Ariosa's opposition is due on Friday, May 11. Ariosa's counsel will receive a rough transcript of the Hixson deposition within a hour or so after the deposition is concluded — that is, they will have the rough transcript by the afternoon or evening of May 8. (Root Decl. at ¶ 3.) Ariosa's counsel can use the rough transcript to do an evaluation of Dr. Hixson's testimony and identify and select those portions of

---

[1] In negotiating the scope of the expedited discovery, Ariosa rejected Sequenom's proposal of targeted discovery, instead insisting on broad production. Despite this insistence, Ariosa then produced only scant, selected documents of its choosing, and has still not come even close to matching Sequenom's production scope or effort. (See accompanying declaration of Peter E. Root ("Root Decl.") at ¶ 7.)

his testimony of interest to them. Ariosa's counsel will have the cleaned-up version of the transcript by close of business the next day, May 9, and thus will have two full days to physically incorporate whatever portions of Dr. Hixson's testimony they wish into Ariosa's opposition. (*Id.*)

Having already had the benefit of many months to prepare its opposition, Ariosa's claim that it needs more than three business days to review and incorporate Dr. Hixson's testimony, which Ariosa has not even shown would be expected to yield anything beyond cumulative testimony, is beyond the pale. Ariosa will not be prejudiced by adhering to the scheduled May 11 due date for its opposition. Sequenom, by contrast, will be prejudiced if Ariosa's opposition due date is extended to May 15, as that would cut into the window of time that Sequenom has to depose Ariosa's witnesses and prepare its reply papers, which are due on June 1.

Ariosa also has proposed extending both its own and Sequenom's time to complete the briefing for the motion for preliminary injunction. (Root Decl. at ¶ 6.) As discussed above, there is no reason to upset the briefing schedule, and no reason to jeopardize the June 15 hearing date. It is Sequenom's understanding that Ariosa plans a full commercial launch of its accused infringing Harmony Prenatal Test on June 4. While Ariosa may desire delaying the hearing on the preliminary injunction further beyond its commercial launch, Sequenom believes that it is necessary to move as expeditiously as possible under the current schedule to fulfill the spirit and purpose of preliminary injunction procedures.

For the foregoing reasons, Sequenom respectfully requests that the Court deny Ariosa's ex parte motion.

Dated: May 4, 2012

Respectfully submitted,

KAYE SCHOLER LLP

By: _s/Peter E. Root_
     Peter E. Root

Attorneys for Defendant
SEQUENOM, INC.