Michael J. Malecek (State Bar No. 171034)
Email address: michael.malecek@kayescholer.com
Peter E. Root (State Bar No. 142348)
Email address: peter.root@kayescholer.com
Stephen C. Holmes (State Bar No. 200727)
Email address: stephen.holmes@kayescholer.com
KAYE SCHOLER LLP
Two Palo Alto Square, Suite 400
Palo Alto, California 94306
Telephone: (650) 319-4500
Facsimile: (650) 319-4700

Attorneys for Defendant
SEQUENOM, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIA DIAGNOSTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEQUENOM, INC, <br><br> Defendant/ <br> Counterclaim-Plaintiff, <br><br> v. <br><br> ARIA DIAGNOSTICS, INC., <br><br> Counterclaim-Defendant, <br><br> and <br><br> ISIS INNOVATION LIMITED <br><br> Nominal Counterclaim-Defendant. | Case No. 3:11-cv-06391-SI <br><br> **DECLARATION OF PETER E. ROOT IN SUPPORT OF SEQUENOM INC.'S OPPOSITION TO ARIOSA DIAGNOSTICS, INC.'S EX PARTE MOTION TO ENLARGE TIME TO FILE ITS OPPOSITION TO SEQUENOM'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Courtroom: 10 <br> Judge: Hon. Susan Illston |

I, Peter E. Root, declare:

1. I am an attorney admitted to practice law in the State of California (Bar No. 142348). I am a partner in the law firm of Kaye Scholer LLP and counsel for Sequenom, Inc. ("Sequenom"), the defendant in the above-captioned action. I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify competently thereto. This declaration is made in support of Sequenom's Opposition to Ariosa Diagnostics, Inc.'s ("Ariosa") Motion to Enlarge Time To File Its Opposition To Sequenom's Motion for Preliminary Injunction filed concurrently herewith.

2. Sequenom initially filed and served its motion for preliminary injunction on February 22, 2012 in *Sequenom v. Aria*, SDCA Case No. 12-cv-0189. Sequenom re-filed the motion in this action without substantive change on March 8, 2012. The original hearing date set for the motion was April 13, 2012, later extended at Ariosa's request.

3. In the depositions taken to date in this case, the court reporters have delivered a rough electronic transcript the same afternoon/evening as the depositions concluded, and have delivered a final transcript by close of business on the following business day.

4. Sequenom made full production of (over ten thousand) responsive documents to Ariosa's counsel on April 11, 2012, which means that Ariosa's counsel will have had a month to review those documents by the May 11 due date for its opposition to Sequenom's motion for preliminary injunction. Ariosa's counsel also has taken depositions of each of Sequenom's four declarants, *i.e*., two fact witnesses and two expert witnesses. Ariosa does not need the extension in order to incorporate the testimony of a single non-declarant witness, Dr. Harry Hixson, whose testimony is likely to be cumulative, at most, of the two Sequenom executives (Dereck Tatman and William Welch) who had more direct involvement in the matters underlying Sequenom's motion for preliminary injunction and both of whom Ariosa's counsel already has deposed.

5. In the spirit of compromise, Sequenom offered to extend Ariosa's time to oppose the motion for preliminary injunction until Sunday, May 13, 2012, at midnight. Ariosa rejected that proposal.

6. Ariosa also proposed extending both its own and Sequenom's time to prepare the opposition and reply papers re the Motion for Preliminary Injunction. It is my understanding, on information and belief, that Ariosa is planning a full commercial launch of its accused infringing Harmony Prenatal Test on June 4, 2012. In view of this development, it is Sequenom's position that it is necessary to proceed as expeditiously as possible under the current schedule, and that the current briefing schedule and hearing date of June 15, 2012, not be compromised.

7. In response to Ariosa's document requests, Sequenom delivered 10,140 documents on April 11, 2012, in accordance with the stipulated order (Dkt. No. 47). By contrast, Ariosa made only a sparse production on April 11, and its April 11 production did not include even a single email. Ariosa produced only 1,420 documents, most of which were produced after the April 11 date called for by the stipulated order, and only after Sequenom's counsel sent several deficiency letters to Ariosa's counsel. During negotiation of the stipulated order, Ariosa rejected Sequenom's suggestion of targeted discovery, instead insisting on broad document requests. Despite its insistence, Ariosa then produced only scant, selected documents of its choosing, and has still not matched Sequenom's production scope or effort.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 4, 2012        *s/Peter E. Root*
                          Peter E. Root