1   Michael J. Malecek (State Bar No. 171034)
    Email address:  michael.malecek@kayescholer.com
2   Peter E. Root (State Bar No. 142348)
    Email address:  peter.root@kayescholer.com
3   Stephen Holmes (State Bar No. 200727)
    Email address:  stephen.holmes@kayescholer.com
4   KAYE SCHOLER LLP
    Two Palo Alto Square, Suite 400
5   3000 El Camino Real
    Palo Alto, California  94306
6   Telephone:  (650) 319-4500
    Facsimile:  (650) 319-4700
7

8   Attorneys for Defendant and Counterclaim-Plaintiff
    SEQUENOM, INC.

9

10                    UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  ARIA DIAGNOSTICS, INC.              )   Case No. 3:11-cv-06391-SI
                                        )
13             Plaintiff,               )   SEQUENOM'S OPPOSITION TO
                                        )   ARIOSA'S ADMINISTRATIVE MOTION
14       v.                             )   FOR LEAVE TO FILE A SUR-REPLY
                                        )   MEMORANDUM IN OPPOSITION TO
15  SEQUENOM, INC.,                     )   SEQUENOM'S MOTION FOR
                                        )   PRELIMINARY INJUNCTION
16             Defendant/               )
               Counterclaim-Plaintiff,  )
17                                      )   Date:    June 29, 2012
                                        )   Time:    9:00 a.m.
18       v.                             )   Place:   Courtroom 10, 19th Floor
                                        )   Judge:   Hon. Susan Illston
19  ARIA DIAGNOSTICS, INC.,             )
                                        )
20             Counterclaim-Defendant,  )
                                        )
21       and                            )
                                        )
22  ISIS INNOVATION LIMITED,            )
                                        )
23             Nominal Counterclaim-    )
               Defendant.               )
24  _____ )

25

26

27

28

KAYE SCHOLER LLP

Sequenom opposes Ariosa's Administrative Motion to File a Sur-Reply because Ariosa fails to present good cause for this Court to deviate from the stipulated order setting the briefing schedule for Sequenom's motion for preliminary injunction.  Ariosa's administrative motion does not even mention the stipulated order that this Court entered, much less present good cause to deviate from it.  The premise of Ariosa's administrative order—that it should be allowed to file a sur-reply "to address new evidence offered for the first time by Sequenom in its Reply"—flies in the face of the stipulated order and miscasts rebuttal testimony as "new evidence."  Ariosa's proposed sur-reply is further argument made under the guise of addressing "new evidence," and the Court should deny Ariosa's motion for leave to file it.

Sequenom filed its motion for preliminary injunction in this Court on March 8, 2012.  Dkt # 34.[1]  The parties then met and conferred over Ariosa's proposal for expedited discovery and to establish a briefing schedule for the pending motion for preliminary injunction.  The resulting stipulated order, which this Court entered on March 20, 2012, provided for a mutual exchange of documents, followed by (i) Ariosa's depositions of Sequenom's declarants and one additional percipient witness, (ii) Ariosa's filing of its opposition, (iii) Sequenom's depositions of Ariosa's declarants and one additional percipient witness, and (iv) Sequenom's filing of its reply.  Dkt # 45.  From the outset, this schedule contemplated that Sequenom would use its reply to rebut testimony and evidence proffered by Ariosa's declarants.  Ariosa did not propose, and the stipulated order did not provide, for Ariosa to submit a sur-reply, let alone a sur-reply that goes far beyond addressing the rebuttal testimony of Sequenom's declarants.

With its reply, Sequenom submitted supplemental declarations from two declarants—Dr. Mark Evans and William Welch—whose initial declarations had been submitted with Sequenom's opening brief.  Dr. Evans's initial declaration expressly noted that Ariosa had not at that time challenged the validity of the '540 patent, and that if "[Ariosa] offers any arguments or

---

[1] Sequenom first filed the pending motion for preliminary injunction in *Sequenom v. Aria*, SDCA Case No. 12-cv-0189, on February 22, 2012.  After this Court denied Sequenom's motion to dismiss or transfer the present case to the Southern District on March 7, 2012 (Dkt. # 31), Sequenom refiled its motion for preliminary injunction in the present action the next day, March 8, 2012.  Dkt. # 34.

KAYE SCHOLER LLP

1  evidence relating to validity, I reserve the right to respond by way of a supplemental declaration."

2  Dkt. #35 at 1.  *See also* Sequenom's Motion for Preliminary Injunction, Dkt. # 34 at 7:24-25

3  ("Sequenom will address any invalidity arguments if and when raised.").

4          Simply put, before the stipulated order was entered, it was contemplated that Dr. Evans

5  would submit a supplemental declaration with Sequenom's reply.  Dr. Evans's supplemental

6  declaration addresses Ariosa's invalidity arguments, as well as the proposed claim constructions

7  that Ariosa proffered for the first time in its opposition.  Likewise, Mr. Welch's supplemental

8  declaration addresses Ariosa-related events that occurred *after* Sequenom filed its opening motion

9  papers, including Ariosa's partnership with Laboratory Corp. of America ("LabCorp"), which

10  Ariosa did not publicly disclose until May 7, 2012.

11          Ariosa presents no argument that the rebuttal evidence presented via Dr. Evans' and Mr.

12  Welch's declarations could have been submitted with Sequenom's opening brief, or that Ariosa

13  was surprised by the rebuttal evidence.  Moreover, Ariosa's proposed sur-reply goes far beyond

14  addressing the rebuttal evidence.  Ariosa's eight-page proposed sur-reply contains mostly

15  argument and re-argument.  *See, e.g.,* proposed sur-reply at 1:7-26 (arguing about legal

16  interpretation of *Prometheus*), 2:7-3:16 (arguing about Evans declaration submitted with

17  Sequenom's *opening papers*), 6:27-7:25 (more legal argument).

18          In sum, Ariosa does not present good cause for deviating from the stipulated order.  If the

19  Court is inclined to allow the sur-reply, Sequenom respectfully requests that the Court likewise

20  allow Sequenom's response to the points raised in the sur-reply, as allowed for in the court order

21  that Ariosa attaches as Exhibit 2 to its motion: Civil Minutes, *QBAS Co. v. Chapman-Walters*

22  *Intercoastal Corp.*, No. 8:10-cv-00406-AG (MLGx), Dkt. No. 42 (C.D. Cal. July 12, 2010).

23  Sequenom's proposed response is three and a half pages and is attached hereto as Exhibit 1.

24  Dated: June 19, 2012                    Respectfully submitted,

25                                          KAYE SCHOLER LLP

26                                          By:      */s/ Peter E. Root*
                                                     Peter E. Root
27                                          Attorneys for Defendant and Counterclaim-
                                            Plaintiff SEQUENOM, INC.
28
                                                     2

KAYE SCHOLER LLP