Exhibit 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **SACV 12-01861 JGB (MLGx)** | Date | April 3, 2013 |
|---|---|---|---|
| Title | *Star Envirotech, Inc. v. Redline Detection, LLC; Kenneth A. Pieroni* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **Order (1) GRANTING Defendants' Motion to Stay (Doc. No. 20); (2) STRIKING Defendants' Motion to Dismiss (Doc. No. 9); and (3) VACATING the April 15, 2013 Hearing and Scheduling Conference (IN CHAMBERS)**

Before the Court are (1) Defendants' Motion to Stay Litigation Pending Outcome of *Inter Partes Review* by the U.S. Patent and Trademark Office (Doc. No. 20); and (2) Defendants' Motion to Dismiss Patent Infringement Claim (Doc. No. 9). The Court finds Defendants' Motions appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to Defendants' Motions, the Court (1) GRANTS Defendants' Motion to Stay, and (2) STRIKES Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff Star Envirotech, Inc. filed its Complaint against Defendants Redline Detection, LLC and Kenneth A. Pieroni on October 25, 2012, asserting claims for patent infringement, false advertising, and unfair competition. (Compl. (Doc. No. 1).) Plaintiff alleges claims for infringement of Plaintiff's U.S. patent number 6,526,808 (entitled "Smoke and Clear Air Generating Machine for Detecting Presence and Location of Leaks in a Fluid System"). (Id. ¶ 13). Defendants filed a Motion to Dismiss Plaintiff's patent infringement claim on December 6, 2012 (Doc. No. 9), which was taken under submission before this action was transferred to this Court.

On January 7, 2013, Defendants filed their Petition for *Inter Partes* Review ("IPR") with the U.S. Patent and Trademark Office ("USPTO").[1]  (See Newboles Decl., Ex. A ("IPR Petition") (Doc. No. 22-1); Ex. 4 (USPTO's Notice of Filing Date of January 7, 2013 Accorded to Petition) (Doc. No. 26-2).)  On February 11, 2013, the parties jointly filed their scheduling conference report pursuant to Federal Rule of Civil Procedure 26(f), in which Defendants stated that they filed the IPR Petition and would be filing a motion to stay the litigation pending the IPR.  (Joint Scheduling Conference Rep. at 5 (Doc. No. 18).)

Defendants filed their Motion to Stay Litigation ("Motion") on February 15, 2013 (Doc. No. 20), attaching the Declaration of Matthew Newboles (Doc. No. 22).  Plaintiff opposed the Motion on February 25, 2013 (Doc. No. 25), and Defendants filed their Reply on March 4, 2013 (Doc. No. 26).

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1095, 1066 (9th Cir. 2007).  Considering efficiency and fairness to the parties, the Court may "enter a stay of an action before it, pending resolution of independent proceedings which will bear on the case."  Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979).

"Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art," 35 U.S.C. § 302, and "[a] petitioner in *an inter partes* review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). A district court has the discretion to stay judicial proceedings pending reexamination or review of a patent. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988); Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp., No. 12-0021-JST, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012).  Courts consider three factors in determining whether to grant a stay pending reexamination or review: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); Semiconductor Energy Lab. Co., 2012 WL 7170593.  There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

---

[1] Effective September 16, 2012, the Leahy–Smith America Invents Act revised and streamlined the *inter partes* reexamination process and renamed it the *inter partes* review process. Pub.L. No. 112–29, § 314(a), 125 Stat. 284 (2011).

## III. DISCUSSION

To determine if a stay is appropriate, the Court assesses the factors of (1) the stage of the litigation; (2) whether a stay will simplify the issues; and (3) whether a stay would unduly prejudice the non-moving party.

Regarding the first factor, discovery is not complete and a trial date has is not set; there has not yet been a scheduling conference yet in this matter. Thus, the fact that this litigation is a very an early stage weighs in favor of granting the stay.

Regarding the second factor, Plaintiff argues that a stay would not meaningfully simplify this case, as there "is no reason for the Court to credit [Defendants'] prediction" that the USPTO will institute *inter partes* review of the patent and that Defendants will prevail in those proceedings." (Opp'n at 3-4.) Similar arguments have been rejected by courts in this District. "As this Court has previously noted, the amended standards for granting *inter partes* review probably results in an even higher likelihood than under the prior standard that the issues in this action will be simplified by the reexamination. See Inogen, Inc. v. Inova Labs, Inc., No. SACV 11–1692–JST (ANx), 2012 WL 4748803, at *3 (C.D. Cal. Mar. 20, 2012). On the other hand, if the USPTO rejects the *inter partes* requests, the stay will be relatively short. Therefore, this factor weighs in favor of a stay." Semiconductor Energy, 2012 WL 7170593, at *3. Plaintiff's claim for patent infringement is the core of the three claims in the Complaint. As Defendants would be barred from seeking this Court's review on any grounds it could have raised in the IPR, the Court finds that staying the case pending review would significantly simplify the issues.

Regarding the third and final factor, Plaintiff emphasizes the delay that might be caused from granting the stay. While it is true that any delay is prejudicial to a party filing a claim for patent infringement, the delay here is minimized, as the "delay caused by the new IPR procedure is significantly less than the delay caused by the old procedure." Id. Thus, the Court finds that Plaintiff has not shown that it would be unduly prejudiced by delay. Further, Plaintiff sets forth no argument that it would be any more prejudiced than any other plaintiff whose patent infringement claim is stayed pending IPR. While Plaintiff claims that its "business will be irreparably harmed by a stay," it provides no specific justification for this contention other than that it "needs to diligently enforce its patent rights to have a legitimate chance of success in the marketplace." (Opp'n at 10.) The Court finds that IPR is a procedure that aids in that enforcement of patent rights while streamlining the issues in need of litigation. Thus, the Court finds that this factor weighs in favor of granting the stay.

In light of the above considerations and the liberal policy of granting motions to stay litigation pending the outcome of USPTO proceedings, the Court GRANTS Defendants' Motion to Stay Pending *Inter Partes* Review.

As the outcome of the IPR, including the USPTO's potential rejection of Defendants' Petition, will affect the Court's analysis of Plaintiff's claim for patent infringement and will likely

require new briefing, the Court finds that allowing the re-filing and re-briefing of the Motion to Dismiss at the conclusion of the IPR to be the most efficient course. Thus, the Court STRIKES Defendants' pending Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court
1. GRANTS Defendants' Motion to Stay. This action is STAYED pending final exhaustion of all pending *Inter Partes* Review proceedings, including any appeals. The parties shall file a joint status report within 14 days after the conclusion of the reviews informing the Court of the USPTO's findings and, if applicable, requesting that the Court lift the stay;
2. STRIKES Defendants' Motion to Dismiss; and
3. VACATES the April 15, 2013 hearing and scheduling conference.

**IT IS SO ORDERED.**