1  Michael J. Malecek (State Bar No. 171034)
   Email address: michael.malecek@kayescholer.com
2  Peter E. Root (State Bar No. 142348)
   Email address: peter.root@kayescholer.com
3  Stephen C. Holmes (State Bar No. 200727)
   Email address: stephen.holmes@kayescholer.com
4  KAYE SCHOLER LLP
   Two Palo Alto Square, Suite 400
5  3000 El Camino Real
   Palo Alto, California 94306
6  Telephone: (650) 319-4500
   Facsimile: (650) 319-4700
7

8  Attorneys for Defendant and
   Counterclaim-Plaintiff
   SEQUENOM, INC.
9

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  ARIOSA DIAGNOSTICS, INC.,            )   Case No. 3:11-cv-06391-SI
                                         )
14          Plaintiff,                   )   **SEQUENOM, INC.'S MOTION TO**
                                         )   **CLARIFY OR, ALTERNATIVELY,**
15      v.                               )   **MODIFY PROTECTIVE ORDER**
                                         )
16  SEQUENOM, INC.,                      )   Date:    June 14, 2013
                                         )   Time:    9:00 a.m.
17          Defendant/                   )   Place:   Courtroom 10, 19th Floor
            Counterclaim-Plaintiff,      )
18                                       )
        v.                               )
19                                       )
    ARIOSA DIAGNOSTICS, INC.,            )
20                                       )
            Counterclaim-Defendant,      )
21                                       )
        and                             )
22                                       )
    ISIS INNOVATION LIMITED,             )
23                                       )
            Nominal Counterclaim-        )
24          Defendant.                   )
                                         )
25

26

27

28

---
SEQUENOM'S MOTION TO CLARIFY                    Case No. 3:11-cv-06391-SI

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT FACTUAL BACKGROUND ................................................................. 4

III. ARGUMENT ............................................................................................................... 8

    A.    The Prosecution Bar Does Not Extend To Review Proceedings ...................... 8

        1.    Review Is Not Included In The Definition Of "Prosecution" ............... 9

            a.    *Review Proceedings Did Not Exist When The Northern District Revised Its Model Protective Order* .................................. 9

            b.    *The Parties Knew Of Review When They Adopted The Prosecution Bar Of The Model Protective Order And Did Not Include Review* ................................................................... 10

        2.    The Prosecution Bar Does Not Extend To Review Proceedings ........ 11

            a.    *Ariosa's Sweeping Interpretation Would Preclude Counsel From Standard Litigation Activity* ............................................ 12

            b.    *Ariosa's Interpretation Violates Basic Principles Of Construction* ................................................................................ 13

                (1)    Sequenom's Proposed Participation In The Review Is Not Similar In Nature To Drafting, Amending, Or Advising. 13

                (2)    "Indirectly" And "Otherwise Affecting" Should Not Be Interpreted To Embrace Litigation Activities ........................ 14

                    (a)    Review Proceedings Are Litigation-Like Trials Before Judges, Not Patent Prosecution Before Examiners ............................................................... 15

                    (b)    Unlike Reexaminations, Reviews Permit Discovery ................................................................... 15

                    (c)    Opportunity to Amend In Review Is Significantly Limited ..................................................................... 16

    B.    Litigation Counsel's Proposed Limited Participation In The Review Proceedings Will Not Violate The Prosecution Bar ........................................ 17

    C.    Alternatively, Good Cause Exists To Modify The Protective Order ............ 20

        1.    Substantial Harm Will Result To Sequenom And Isis From Limiting Their Choice Of Counsel ....................................................... 21

        2.    The Risk Of Inadvertent Disclosure Is Minimal As Litigation Counsel's Proposed Review Activities Do Not Involve Competitive Decision-Making Nor Patent Prosecution ..................... 23

IV. CONCLUSION .......................................................................................................... 25

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abbott Labs. v. Cordis Corp.*,
   710 F.3d 1318 (Fed. Cir. 2013) ...................................................................15, 16

*Ameranth, Inc. v. Pizza Hut, Inc.*,
   2012 U.S. Dist. LEXIS 20483 (S.D. Cal. 2012) .....................................................8

*Ameranth, Inc. v. Pizza Hut, Inc.*,
   2012 WL 528248 (S.D. Cal. Feb. 17, 2012) ...........................................................9

*Avaya, Inc. v. Network-1 Security Sol'ns, Inc.*, IPR2013-00071 ......................14, 15, 17

*Brockovich v. Scripps Health*,
   2006 U.S. Dist. LEXIS 95173 (S.D. Cal. Nov. 7, 2006) .......................................13

*EON Corp. IP Holdings, LLC v. AT&T Mobility LLC*,
   881 F. Supp. 2d 254 (D.P.R. 2012)................................................................9, 21

*Hochstein v. Microsoft Corp.*,
   2008 WL 4387594 (E.D. Mich. Sept. 24, 2008)....................................................25

*In re Deutsche Bank Trust Co.*,
   605 F.3d 1373 (Fed. Cir. 2010)........................................................21, 22, 24

*Kenexa Brassring Inc. v. Taleo Corp.*,
   2009 WL 393782 (D. Del. Feb. 18, 2009) ...........................................................25

*NeXedge, LLC v. Freescale Semiconductor, Inc.*,
   820 F. Supp. 2d 1040 (D. Ariz. 2011) .................................................................8

*Phillips ex rel. Estates of Byrd v. General Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) ...................................................................20, 21

*Powell v. Alabama*,
   287 U.S. 45 (1932)............................................................................................22

*ScentAir Techs., Inc. v. Prolitec, Inc.*, IPR2013-00179 ......................................14, 15

*Shared Memory Graphics LLC v. Apple, Inc.*,
   2010 WL 4704420, at *2-5 (N.D. Cal. Nov. 12, 2010) .........................................18

*Unwired Planet LLC v. Apple Inc.*,
   2013 U.S. Dist. LEXIS 52261 (D. Nev. Apr. 11, 2013).........................................8

*Xerox Corp. v. Google, Inc.*,
   270 F.R.D. 182 (D. Del. 2010) ...................................................................21, 22, 24

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATUTES**

35 U.S.C. §§ 311-318 ....................................................................................................16

35 U.S.C. § 311(b) .......................................................................................................14

35 U.S.C. § 313 .........................................................................................................6, 11

35 U.S.C. § 314 ............................................................................................................16

35 U.S.C. § 314(a) .......................................................................................................14

35 U.S.C. § 315(a) .........................................................................................................7

35 U.S.C. § 315(a)(1) .....................................................................................................4

35 U.S.C. § 316 ............................................................................................................10

35 U.S.C. § 316(a)(5) .................................................................................................7, 16

35 U.S.C. § 316(a)(10) ...................................................................................................7

35 U.S.C. § 316(d) ...................................................................................................16, 17

**OTHER AUTHORITIES**

37 C.F.R. § 42.62 .........................................................................................................15

37 C.F.R. § 42.107 .........................................................................................................7

77 Fed. Reg. 7041 ........................................................................................................10

77 Fed. Reg. 48679 ..................................................................................................10, 11

Fed. R. Civ. P. 26(c) ....................................................................................................20

Rule 26(c) of the Federal Rules of Civil Procedure.....................................................20

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 14, 2013, at 9:00 a.m., or such other time as this motion can be heard, in Courtroom 10 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, the Honorable Susan Illston presiding, Defendants and Counterclaim-Plaintiffs Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC (collectively, "Sequenom") will and hereby do move the Court for an order clarifying or, alternatively, modifying the Protective Order in this case (Dkt. 62) and the Related Cases (*Natera, Inc. et al. v. Sequenom, Inc. et al.*, Case 3:12-cv-00132-SI, Dkt. 63; *Verinata Health, Inc. et al. v. Sequenom, Inc. et al.*, Case 3:12-cv-00865-SI, Dkt. 44).

Sequenom and Isis seek to clarify that Sequenom's litigation counsel, Kaye Scholer LLP, may participate in the concurrently pending *inter partes* review initiated by Ariosa Diagnostics, Inc. ("Ariosa") without violating the prosecution bars of the Protective Orders in the Related Cases (Case 3:11-cv-06391-SI, Dkt. 62; Case 3:12-cv-00132-SI, Dkt. 63; Case 3:12-cv-00865-SI, Dkt. 44). This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Ross Allen, the Court's file in this action, and any such additional oral evidence as may be presented at or before the hearing on this motion.

Dated:  May 1, 2013                         Respectfully submitted,

                                            KAYE SCHOLER LLP


                                            By:___*/s/ Michael J. Malecek*_____
                                                  Michael J. Malecek
                                            Attorneys for Defendant
                                            SEQUENOM, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAYE SCHOLER LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Sequenom and Isis request that the Court clarify that the limited participation of Kaye Scholer LLP ("litigation counsel") in the *inter partes* review ("Review") proceedings instituted by Ariosa in September 2012 will not violate the Protective Order effective in this litigation. Ariosa seeks to deprive Sequenom, Isis, and the inventors of the '540 Patent of their fundamental right to have preferred counsel participate in the Review under the guise that it would violate the Protective Order.  The parties' dispute centers on the interpretation of the Protective Order's prohibition that anyone who gains access to information designated "Outside Attorneys' Eyes Only" ("AEO information") is barred from "directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims (for example, original prosecution, reissue, and reexamination proceedings)."  (Dkt. 62, ¶ 10.)  Litigation counsel have already agreed that they will not assist in drafting, revising, or otherwise amending claims of the '540 Patent during the Review.  Sequenom and Isis simply seek to clarify that Sequenom's litigation counsel can perform activities in the Review that are nearly identical to the tasks they would perform in this litigation.  Those tasks include participating in:

- preparing declarations for the witnesses of the patent owner (Isis).  The patent owner typically submits declarations from its inventors and experts, which are in the nature of direct testimony.  In this case, the two inventors on the '540 Patent — Drs. Lo and Wainscoat — are personally represented by litigation counsel;

- defending depositions of the patent owner's witnesses in the Review — depositions that heavily overlap with the depositions that will be taking place in this litigation;

- reviewing documents of the inventors pertinent to the issues in both the litigation and the Review;

- taking the depositions of Ariosa's declarants in the Review, including third party fact witnesses who will be deposed in this litigation; and

- discussing with Sterne, Kessler, Goldstein & Fox ("Sterne Kessler"), Isis's post-grant counsel, responses to the arguments advanced by Ariosa attacking the validity of the '540 Patent in the Review — the exact same arguments that Ariosa is making in this litigation.

1

None of these activities carry any meaningful risk of disclosure of AEO information.  In fact, litigation counsel have already performed essentially the same tasks in this litigation without violating the Protective Order.  For example, after having seen and reviewed AEO information from each of the '540 Defendants, litigation counsel have (1) prepared and defended the deposition of Dr. Lo and had numerous conversations with other witnesses, (2) taken depositions of Ariosa's experts regarding prior art and claim construction, and (3) formulated arguments and advocated for the validity of the '540 Patent by addressing all the same art cited in the Review.  Litigation counsel completed all these tasks — which overlap entirely with the tasks they seek to undertake in the Review — without violating the Protective Order.

Ariosa — and the other parties who have produced AEO information — will suffer no prejudice by allowing Sequenom's litigation counsel to perform these same tasks in the Review.  Ariosa's insistence that litigation counsel will inadvertently or competitively disclose Ariosa's AEO information in the Review, despite the fact that it has trusted litigation counsel to abide by the Protective Order throughout this litigation and during the pendency of the Review petition, suggests Ariosa has an ulterior motive:  Ariosa seeks to prevent litigation counsel from participating in the Review not to prevent the use of its AEO information to amend claims, but to deprive Sequenom, Isis, and the inventors of their first choice of counsel and that counsel's institutional knowledge of the disputed issues.

If Ariosa succeeds in depriving Sequenom, Isis, and the inventors of their first choice of counsel in the Review, Sequenom, Isis, and the inventors will suffer undue prejudice.  Litigation counsel have substantial familiarity and experience with the subject matter disclosed in the '540 Patent and the prior art asserted by Ariosa in the Review; they have been working on these issues for Sequenom for many years.  Sterne Kessler, Isis's post-grant counsel, however, was retained about six months ago — after Ariosa filed its first petition for Review on September 17, 2012.  Sterne Kessler does not have the same depth of knowledge and familiarity as litigation counsel regarding the specific patent, the prior art at issue in this case, or the relevant witnesses.  Given the expedited nature of the Review proceedings, Sterne Kessler will be hampered in its ability to

SEQUENOM'S MOTION TO CLARIFY                                      Case No. 3:11-cv-06391-SI

gain the same level of knowledge and familiarity as litigation counsel if litigation counsel cannot participate.  Prohibiting Sequenom's experienced litigation counsel from participating in the Review proceedings would be prejudicial and unfair.

This is especially true given that Ariosa's actions created this situation.  It is clear now that Ariosa always intended to petition for Review of the '540 Patent.  Ariosa's original complaint for declaratory relief did not assert a claim for invalidity.  In retrospect, Ariosa purposefully omitted this claim to preserve its procedural right to seek Review.[1]  Ariosa was certainly aware of the invalidity arguments it now makes in the Review; it asserted the same arguments in this litigation as affirmative defenses, and in its initial disclosures of its invalidity contentions.  Yet, despite its clear intention to seek Review when it became available in September 2012, when it negotiated the Protective Order in Spring 2012, Ariosa did not seek to include Review in the "examples" expressly listed in the Protective Order to illustrate the scope of the prosecution bar — namely "original prosecution, reissue and reexamination proceedings."  If Ariosa had so tipped its hand, litigation counsel would never have agreed to such a prohibition.

The prosecution bar does not apply to the Review.  Its purpose is only to bar **_prosecution_**, not other activities.  Much of the language is precise and not disputed.  Litigation counsel expressly agreed to abstain from "drafting, revising, or otherwise amending" the patent claims.  This dispute arises from Ariosa's effort to seize on the prosecution bar's inclusion of "indirectly" and "otherwise affecting" to sweep a litany of litigation activities into the scope of the prosecution bar.  That argument proves too much.  Under Ariosa's strained reading of the prosecution bar, all the actions of litigation counsel in this case would "otherwise affect[] the scope or maintenance of patent claims."  For example, counsel's conduct in advocating for the broad or narrow construction (i.e., "scope") of claim terms before this Court would not be permitted under Ariosa's overbroad interpretation.  Likewise, opposing Ariosa's invalidity position to "maintain[]" the patent claims by, for example, deposing the author of Ariosa's

---

[1]  35 U.S.C. § 315(a)(1) bars _inter partes_ review of a patent by a petitioner who has previously filed a civil action challenging the validity of a claim in the patent.

KAYE SCHOLER LLP

preferred prior art reference, Dr. Vasily Kazakov, would violate the Protective Order.  To avoid this absurd result, the words "indirectly" and "otherwise affecting" must be read in context to describe activities in the same nature as "drafting, amending, [or] advising . . . [on] the scope or maintenance of patent claims."  The activities that litigation counsel would undertake, e.g., taking or defending depositions of key witnesses, will not entail "drafting, amending, [or] advising . . . [on] the scope or maintenance of patent claims" and should not be swept up in an overly broad reading of "indirectly" and "otherwise affecting."

Ariosa's overbroad interpretation of the prosecution bar also ignores the basic rules of contract construction.  When a contract lists specific examples to illustrate a general statement, the general statement is construed to embrace only things similar in nature to those enumerated by the specific examples.  Here, Review is not similar in nature to the examples of barred prosecution activities — "original prosecution, reissue and reexamination proceedings."  Indeed, the Patent Trial and Appeals Board ("Board") has explicitly determined that Review, an administrative trial, is not "another examination of the claims of a patent" and, in fact, differs significantly from reexamination of a patent's claims.  Based on this reasoning, the Board has twice concluded that prosecution bars prohibiting participation in reexamination should not be construed to prohibit litigation counsel's participation in Review.  Review therefore should not fall under the Protective Order's definition of "prosecution."

Accordingly, the Court should clarify that litigation counsel's participation in the Review, subject to the agreement not to draft, revise, or otherwise amend claims, will not violate the Protective Order.  In the alternative, the Court should permit a modification to the Protective Order to allow litigation counsel to participate in the limited manner requested.

## II.      RELEVANT FACTUAL BACKGROUND

On September 16, 2011, President Obama signed the Leahy-Smith America Invents Act ("AIA"), which provided for a new administrative trial proceeding, known as *inter partes* review ("Review"), for challenging the validity of an issued patent in the Patent Office.  The AIA also included a provision that prohibits a plaintiff who has challenged a patent's validity with a request

4

for declaratory judgment in a district court from simultaneously challenging the validity of a patent via Review in the Patent Office.  *See* 35 U.S.C. § 315(a)(1).

Three months later, on December 19, 2011, Ariosa filed a complaint seeking a declaratory judgment that it does not infringe the '540 Patent.  (Dkt. 1.)  Ariosa chose not to include a claim seeking a declaratory judgment of invalidity of the '540 Patent.   Ariosa did, however, challenge the validity of the '540 Patent as an affirmative defense in its March 29, 2012 reply (Dkt. 52) to Sequenom's compulsory counterclaim that Ariosa infringed the '540 Patent (Dkt. 33).

On April 12, 2012, after Ariosa had produced almost four hundred documents to Sequenom, including documents marked "Highly Confidential," the Court entered a stipulated Protective Order.  *See* Declaration of Ross Allen in Support of Sequenom, Inc.'s Motion to Clarify or, Alternatively, Modify the Protective Order ("Allen Decl."), ¶ 2.  The Protective Order contains a prosecution bar adopted from the Northern District of California's model protective order, which the Court adopted before Review proceedings existed.

The prosecution bar in this case provides:

### 10. PROSECUTION BAR

Absent written consent from the Producing Party, any attorney, patent agent, paralegal, expert, or consultant of, for, or representing the Receiving Party that gains access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall not be involved in the prosecution of patents or patent applications relating to *non-invasive pre-natal testing of cell-free DNA in maternal serum or plasma samples*, including without limitation the patents asserted in this Litigation and any patent or application claiming priority to or otherwise related to the patents asserted in this Litigation, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  This prosecution bar is personal to the person who has gained access to such "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and shall not be imputed to any other person or entity.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims (for example, original prosecution, reissue and reexamination proceedings).  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination).  This Prosecution Bar shall begin when access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" is first received by the affected individual and shall end two (2) years after final termination of this Litigation.

5

(Dkt. 62, ¶ 10 (italics added).)  Other than the italicized language defining the relevant field of technology, there was no negotiation of the language of the prosecution bar in this case. Importantly, *no party asked that Review be included in the definition of "prosecution" in the Protective Order*, even though Review was enacted eight months earlier, and even though Ariosa had apparently been contemplating filing a petition for Review.

Review became available on September 16, 2012, one year after the AIA's enactment. Ariosa filed its petition for Review of the '540 Patent one day later, on September 17, 2012.  The petition included numerous declarations, including those of experts and a third party Russian scientist, Vasily Kazakov, who is the author of Ariosa's preferred prior art reference.  Notably, Ariosa could have requested reexamination before or after the parties negotiated the Protective Order.  But Ariosa waited to challenge the '540 Patent in the new Review proceedings.  If Ariosa had requested reexamination instead, Ariosa would not have been able to depose the inventors of the '540 Patent and would have afforded Sequenom and Isis more opportunity to engage in continued prosecution, including negotiating claim amendments with a patent examiner.  By choosing to petition for Review, however, Ariosa chose a trial proceeding that will be held before Administrative Patent Judges rather than examiners, and which will significantly limit Sequenom and Isis's ability to amend claims as compared to reexamination.[2]

The rules governing Review provide three months within which the patent owner may submit a preliminary response providing why the Board should decline the petition.  35 U.S.C. § 313.  The response must be limited to "reasons why no inter partes review should be instituted based upon the failure of the petition to meet any requirement of this chapter"; the patent owner

---

[2] Attacking the validity of the '540 Patent in two different forums — litigation and Review — enabled Ariosa to advocate for wholly inconsistent claim constructions in the different forums. For example, Ariosa argued before this Court that the prosecution history of the '540 Patent *requires* that the claims of the patent be read to include "important negative limitation[s]," (*see* Ariosa's Opposition to Sequenom's Motion for a Preliminary Injunction, Dkt. 95, 11:6-9), but Ariosa now abandons these "required" limitations and argues in the Review that the claims of the '540 Patent are so broad they could reasonably "cover the application of cancer screening tests on pregnant females."  *See* Allen Decl., Ex. A at 6; *compare id.* at 19-21 *with* Dkt. 95 at 7-19.

may not submit evidence.  *Id.*; 37 C.F.R. § 42.107.  The patent owner, Isis, and its exclusive-licensee, Sequenom, retained registered patent attorneys at Sterne Kessler to handle this administrative response, which was submitted on December 31, 2012.[3]  Allen Decl., ¶ 5.

On March 19, 2013, the Board granted in part Ariosa's first petition and instituted Review of the '540 Patent.[4]  Because the Review process duplicates discovery activities of the present litigation, Sequenom and Isis promptly requested that litigation counsel participate in the Review.  Duplicative discovery activities will include reviewing the inventors' documents relating to conception and reduction to practice of their invention, preparing inventors for deposition, defending the inventors' depositions, examining the asserted prior art's authors, and examining experts.  *See* 35 U.S.C. § 316(a)(5).  The Review will also entail a contested trial hearing with oral argument before the Administrative Patent Judges.  35 U.S.C. § 316(a)(10).

The parties attended a case management conference on April 19, 2013.  Even though the prosecution bar in the Protective Order does not address administrative trials like the Review, out of an abundance of caution and because opposing counsel stated contrary views, litigation counsel requested that the Court clarify the prosecution bar does not prohibit its participation in the Review.  (Dkt. 72.)  At the conference, the Court expressed its inclination not to permit litigation counsel to participate in the Review, but invited litigation counsel to submit this formal

---

[3] In Isis' December 31, 2012 preliminary response, Isis opposed Ariosa's petition on the ground that Ariosa lacked standing to initiate Review against the '540 Patent because it was barred by 35 U.S.C. § 315(a), which prohibits Review proceedings where a petitioner first files a civil action challenging the validity of patent claims.  The Board did not agree that Section 315(a) bars Review where the accused infringer files a declaratory judgment of non-infringement, forces the patent owner to file its compulsory counterclaim of infringement, and then raises the affirmative defense of invalidity of claims of the '540 Patent.  Isis intends to appeal this issue.

[4] As Ariosa's own counsel in the Review has observed, "given the one-sided nature of the preliminary proceeding . . .[the] petitioner['s] evidence will typically prevail over attorney argument" from the patent owner.  Scott A. McKeown, *PTAB Closely Scrutinizes Petition Grounds*, at http://www.patentspostgrant.com/lang/en/2013/04/ipr-petition-grounds-closely-scrutinized#more-11269 (posted Apr. 18, 2013) (last visited Apr. 24, 2013).  But, as Ariosa's Review counsel explains, the institution of trial gives little if any guidance on "[t]he ultimate outcome of the trial [which] could be quite different."  *Id.*

motion to clarify the Protective Order.  Allen Decl., ¶ 6.  Although it was not discussed at the

conference, that same day, Ariosa filed a second petition for Review of the '540 Patent.  *Id.*, ¶ 7.

On April 17, 2013, having decided to oppose litigation counsel's participation in Review,

Ariosa then moved to stay the present litigation pending the Review proceeding.  (*See* Dkt. 166.)

Effectively, if the Court stays this case and this Motion is not granted, the issues of validity of the

'540 Patent will be litigated completely without Sequenom's counsel of choice.

## III.    ARGUMENT

### A.      The Prosecution Bar Does Not Extend To Review Proceedings

Courts include prosecution bars in protective orders to ensure that attorneys who gain

access through discovery to the highly confidential technical information of their clients'

competitors do not misuse that information, even inadvertently, when ***prosecuting*** their own

clients' patents.  *Ameranth, Inc. v. Pizza Hut, Inc.*, 2012 U.S. Dist. LEXIS 20483, *10-11 (S.D.

Cal. 2012) (quoting *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010)).

Because the prosecution bar in this litigation does not address Review proceedings, Ariosa relies

on the "indirectly" or "otherwise affecting the scope or maintenance of the patent claims"

language to urge the Court to prohibit Sequenom's litigation counsel from participating in

Review, an administrative adjudication of the patent's validity.  But contrary to Ariosa's urging,

prosecution bars do not exist for the purpose of broadly prohibiting attorneys from defending the

validity of their clients' claims in Review proceedings.  This holds especially true where, as here,

Ariosa initiated both the instant litigation *and* requested the Review proceedings after initiating

the litigation.  *See, e.g.*, *NeXedge, LLC v. Freescale Semiconductor, Inc.*, 820 F. Supp. 2d 1040,

1044 (D. Ariz. 2011) ("The Court also notes that Defendants, not Plaintiff, initiated the

reexamination, and did so after this lawsuit was filed. The reexamination therefore cannot be

viewed as a tactic by Plaintiff to take advantage of confidential information disclosed in this

case."); *see also Unwired Planet LLC v. Apple Inc.*, 2013 U.S. Dist. LEXIS 52261, at *19 (D.

Nev. Apr. 11, 2013) ("[R]isk of disclosure of [defendant's] confidential information, and

[plaintiff's] counsels' inadvertent use of information it obtained during discovery is not enough to

8

KAYE SCHOLER LLP

preclude [plaintiff's] litigation counsel from assisting in the reexamination in this case where [defendant] would initiate the reexamination.").[5]

Ariosa could have argued to include administrative trial proceedings like Review in the prosecution bar, but it did not.  Now that it has simultaneously chosen to challenge the validity of the '540 Patent in Review and litigation, Ariosa should not be permitted to improperly characterize Review as prosecution of the claims of the '540 Patent to deprive Sequenom, Isis, and the inventors of their first choice of counsel.

### 1.    Review Is Not Included In The Definition Of "Prosecution"

The parties included a "prosecution bar" in their Protective Order to prevent counsel with access to AEO information from participating in *prosecution* of patents relating to the subject matter at issue in this case.  The prosecution bar lists "original prosecution, reissue and reexamination proceedings" as examples of "prosecution" as defined by the bar.  It does not mention Review.  Despite the fact that Review is an administrative trial proceeding that differs significantly from the proceedings listed to exemplify "prosecution" as defined in the bar, Ariosa improperly seeks to extend the prosecution bar to Review.

### a.    *Review Proceedings Did Not Exist When The Northern District Revised Its Model Protective Order*

When the Northern District of California revised the model protective order in 2011, Review proceedings did not exist.  As one court recently noted, this model protective order's prosecution bar is not a model of clarity.  *See Ameranth, Inc. v. Pizza Hut, Inc.*, 2012 WL 528248,

---

[5]  To the extent the Court believes modification of the Protective Order is necessary for litigation counsel to participate in the Review as set forth in Section III.C., the analyses set forth in cases discussing disputes over the negotiation of protective orders inform the issue of whether Ariosa can now extend the existing prosecution bar to cover the new Review proceedings.  When Sequenom negotiated the Protective Order, it did not believe it would be barred from defending the depositions of its own inventor witnesses.  It would have never agreed to such a sweeping prohibition.  If the Court finds that all such activities are included within the "indirectly" or "otherwise affecting" language, then good cause exists to reopen the issue and modify the Protective Order.  *See, e.g., EON Corp. IP Holdings, LLC v. AT&T Mobility LLC*, 881 F. Supp. 2d 254, 257 (D.P.R. 2012) (indicating that after the court enters a protective order, Federal Circuit law permits a party to subsequently move to modify the prosecution bar).

KAYE SCHOLER LLP

at *2 (S.D. Cal. Feb. 17, 2012) (finding the Northern District of California's model prosecution bar "somewhat confusing" as to whether reissue and reexamination proceedings are included or excluded from the bar).  In any case, the model protective order could not have contemplated Review.  Review proceedings were not formally effective until September 16, 2012.  At the time of the last revision of the model protective order in 2011, Review was not even available.  Because Review proceedings did not exist in any form at the time the model order was drafted and adopted, the included prosecution bar did not, and could not have, addressed Review proceedings.

### b.   The Parties Knew Of Review When They Adopted The Prosecution Bar Of The Model Protective Order And Did Not Include Review

The AIA was signed into law on September 16, 2011, about six months before the parties began negotiating the prosecution bar in the Protective Order.  The AIA enacted the new Review proceeding, but directed the Patent Office to promulgate rules regarding Review procedures, including procedures for discovery.  *See* 35 U.S.C. § 316.  The Patent Office proposed rules for the new Review proceedings on February 10, 2012 — still months before the Protective Order was entered — and requested comments on the proposed rules by April 10, 2012.  *See* 77 Fed. Reg. 7041.  The Patent Office's proposed rules for Review mirrored many of the rules effective today, including the discovery provisions permitting depositions of witnesses and submission of affidavits or declarations.  *Id.* at 7043.  Thus, by February 2012, the Patent Office had outlined the rules of the soon-to-be-implemented Review proceedings, and made it clear that Review would emulate litigation with respect to the availability of discovery.  The rules were finalized on August 14, 2012.  *See* 77 Fed. Reg. 48679.

At the time the parties negotiated the Protective Order, Ariosa apparently knew that it would choose Review over reexamination, and that it would petition for Review as soon as it could.[6]  Yet, despite Ariosa's apparent intention to petition for Review within months, neither

---

[6]  Ariosa's decision not to file a claim for declaratory judgment of invalidity of the '540 Patent indicates as much.  Indeed, Ariosa's own counsel has suggested that an attorney may commit malpractice if he files a claim for declaratory judgment of invalidity instead of petitioning for Review because the request for a declaration of invalidity would bar his client from pursuing Review.  *See* Scott A. McKeown, *Is It Malpractice to File a Declaratory Judgment of Invalidity*

(continued...)

10

KAYE SCHOLER LLP

Ariosa nor the other Related Defendants sought to craft the Protective Order to prohibit litigation counsel from participating in Review.

Sequenom and Isis did not anticipate that Ariosa would petition for Review, or that they might be involved in proceedings before the Board that would involve depositions of their inventors, prior art witnesses, and experts.  Accordingly, Sequenom and Isis had no reason to address Review in their negotiations with the opposing parties.  None of the parties addressed the possibility of a trial in Review proceedings in their negotiations regarding the Protective Order.

Further, until the Board instituted trial on Ariosa's petition, there was no need to involve litigation counsel in depositions and similar activities.  The filing of a petition for Review does not automatically lead to a trial.  After a petition is filed, a practitioner registered to practice before the Patent Office must file a response on behalf of the patent owner, but the rules do not permit the patent owner to introduce evidence of any kind.  35 U.S.C. § 313.  Sequenom and Isis retained Sterne Kessler to file its response because Sequenom's lead litigation counsel is not admitted to practice before the Patent Office.  If the Board had denied Ariosa's petition, Sterne Kessler's involvement would have ended with the Review.  There would have been no need for depositions of the parties' inventors, witnesses, and experts, or discovery of any kind in the Review.  Because the Board instituted trial in Ariosa's Review, Sequenom and Isis now need the expertise of their litigation counsel to assist in the preparation for trial before the Board.  After Ariosa made it clear they intended to oppose such participation, Sequenom and Isis promptly sought clarification of the Protective Order.

### 2.     The Prosecution Bar Does Not Extend To Review Proceedings

Ariosa relies on the prosecution bar's ambiguous prohibitions on "indirectly" and "otherwise affecting the scope or maintenance" of the '540 Patent claims to extend the prosecution bar to litigation activities that are not prosecution.  Ariosa's overbroad reading of the

---

*after the AIA?*, at http://www.patentspostgrant.com/lang/en/2013/04/is-it-malpractice-to-favor-costlier-patent-litigation-over-the-ptab#more-11297 (posted Apr. 26, 2013) (last visited Apr. 29, 2013).

SEQUENOM'S MOTION TO CLARIFY                                              Case No. 3:11-cv-06391-SI

1  prosecution bar conflicts with basic principles of contract interpretation and should not be
2  adopted.

3          ***a.      Ariosa's Sweeping Interpretation Would Preclude Counsel From
                      Standard Litigation Activity***

4          If the Court interprets "indirectly" or "otherwise affecting the scope or maintenance of
5  patent claims" as broadly as Ariosa contends it should, the prosecution bar would prevent
6  litigation counsel from participating in claim construction in the district court because the
7  proceedings will affect the scope of the claims, either directly or indirectly. It would also prevent
8  litigation counsel from maintaining the claims of the '540 Patent by opposing a motion for
9  summary judgment or otherwise advocating to the Court for the validity of the claims.

10         Further, such a broad reading of these phrases would bar litigation counsel from
11 participating in numerous activities in this litigation that completely overlap with the activities
12 litigation counsel seeks to undertake in the Review. For example, Ariosa's broad interpretation
13 would prohibit litigation counsel from preparing their inventors, other witnesses, and experts for
14 deposition *in this litigation*. It would prevent litigation counsel from examining the authors of
15 prior art, such as Dr. Kazakov, *in this litigation*. It would prevent litigation counsel from
16 examining opposing parties' experts and witnesses *in this litigation*. Litigation counsel would not
17 be able to defend or even attend the depositions of Drs. Lo and Wainscoat *in this litigation*.

18         It would be absurd to prevent litigation counsel from engaging in these activities in the
19 district court because litigation counsel have seen the AEO information of Ariosa. It is equally
20 absurd to prevent litigation counsel from participating in the exact same activities just because they
21 happen to occur before the Board instead of this Court. That Ariosa seeks to prevent litigation
22 counsel from taking a role in Review that entirely overlaps with activities litigation counsel has
23 conducted in this litigation without objection suggests that Ariosa is less concerned with protecting
24 its AEO information and more interested in impairing Sequenom, Isis, and the inventors' choice of
25 counsel. The Court should not adopt Ariosa's broad interpretation of the phrases "indirectly" or
26 "otherwise affecting the scope or maintenance of patent claims" because it would be nonsensical to
27 adopt an interpretation that would result in prohibiting litigation counsel from litigating this action.
28

SEQUENOM'S MOTION TO CLARIFY                                    Case No. 3:11-cv-06391-SI

**b.      *Ariosa's Interpretation Violates Basic Principles Of Construction***

The Protective Order generally prohibits litigation counsel's participation in "prosecution."  "Under the established interpretive canon of *ejusdem generis*, where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words."  *Brockovich v. Scripps Health*, 2006 U.S. Dist. LEXIS 95173, at *16 (S.D. Cal. Nov. 7, 2006) (internal quotations omitted).

Here, the prosecution bar specifies that "prosecution" includes "directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance."  None of these specified examples of "prosecution" are similar in nature to the activities in which litigation counsel seeks to participate.  The prosecution bar also specifies that "prosecution" includes "original prosecution, reissue and reexamination proceedings."  None of these specified examples of "prosecution" are similar in nature to Review.  Thus, the prosecution bar should not be extended to cover Review or litigation counsel's proposed activities.

**(1)      Sequenom's Proposed Participation In The Review Is Not Similar In Nature To Drafting, Amending, Or Advising**

Litigation counsel expressly agreed to abstain from activities identified by the prosecution bar as "prosecution," namely, "drafting, revising, or otherwise amending" the patent claims.  Ariosa seizes on the prosecution bar's inclusion of "indirectly" and "otherwise affecting" to sweep litigation counsel's proposed activities into the scope of the prosecution bar. "Indirectly" and "otherwise affecting" should not be interpreted to embrace activities that are not similar in nature to the specific examples provided in the prosecution bar as "prosecution."  Rather, "indirectly" and "otherwise affecting" should be read to "embrace only objects similar in nature to those objects enumerated by the preceding specific words" — i.e., "drafting, amending or advising" on claims.  *Brockovich*, 2006 U.S. Dist. LEXIS 95173, at *16.

Litigation counsel has disclaimed any intent to engage in the specifically enumerated activities, both "directly and indirectly."  Ariosa's counsel has identified only one activity that is in the same nature, "giving strategic advice on the direction the claims should take." (Dkt. 165.)

13

KAYE SCHOLER LLP

Litigation counsel has not and does not intend to give strategic advice on the direction the claims should take.  Interpreting the term "otherwise affecting" to prevent litigation counsel from defending or taking depositions in the Review or performing other litigation-like tasks in the Review would conflict with the established interpretive canon of *ejusdem generis*.

### (2)    "Indirectly" And "Otherwise Affecting" Should Not Be Interpreted To Embrace Litigation Activities

While it remains silent on Review, it lists specific examples of other barred proceedings: "original prosecution, reissue and reexamination proceedings."  Review, however, is not similar in nature to the proceedings listed to exemplify "prosecution" in the prosecution bar. The Board has repeatedly confirmed that Review does not equate to prosecution and differs significantly from proceedings that occur before examiners, such as reexamination.  *See, e.g.*, *Avaya, Inc. v. Network-1 Security Sol'ns, Inc.*, IPR2013-00071, Paper 15 at 5 (PTAB Feb. 22, 2013); *ScentAir Techs., Inc. v. Prolitec, Inc.*, IPR2013-00179, Paper 9 at 4 (PTAB Apr. 16, 2013) ("The Board finds informational and key that the protective order at issue specifically bars litigation counsel from prosecution activities without mentioning litigation or trials before the Patent Trial and Appeal Board.").  As explained in *Avaya*, Review proceedings differ significantly from reexamination proceedings and should not be considered equivalents for purposes of a prosecution bar.  *See Avaya*, IPR2013-00071, Paper 15 at 5 ("[T]he protective order's prohibition on certain litigation counsel acting as counsel of record in 'any reexamination proceeding' of the '930 patent and revealing confidential information to 'reexamination' counsel does not apply to this [Review] proceeding.").[7]

Review is a new administrative trial proceeding conducted at the Board to review the patentability of one or more claims in a patent only on a ground that could be raised under Sections

---

[7]  Ariosa's statement to the Court (Dkt. 165) fails to mention that *Avaya* involved two protective orders, and, contrary to Ariosa's characterization, one of the protective orders expressly prohibited participation in "any aspect of any reexamination proceedings."  *See Avaya*, IPR2013-00071, Paper 15 at 6.  Nonetheless, the Board decided litigation counsel should be allowed to participate in Review because a prohibition on reexamination in a prosecution bar is irrelevant to whether litigation counsel can participate in Review.  *Id.* at 5-6.

SEQUENOM'S MOTION TO CLARIFY                                      Case No. 3:11-cv-06391-SI

102 or 103, and only on the basis of prior art consisting of patents or printed publications.  *See* 35 U.S.C. § 311(b).  Review may be instituted upon a showing that there is "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).  Several key differences distinguish Review — an administrative trial proceeding — from reexamination, including that Review resembles litigation and proceeds before Administrative Patent Judges as opposed to patent examiners, the parties may take advantage of discovery, and there is limited opportunity to amend the claims, as discussed further below.

### (a)   Review Proceedings Are Litigation-Like Trials Before Judges, Not Patent Prosecution Before Examiners

Review proceedings are conducted and decided by a panel of three Administrative Patent Judges, rather than a single patent examiner as in reexamination proceedings.   As such, Review proceedings are litigation-like adjudicative trials wherein the admissibility of evidence is governed by the Federal Rules of Evidence.  *See* 37 C.F.R. § 42.62.

As explained by both the Board and the Federal Circuit, Review proceedings fall within the category of administrative trial proceedings.  *See Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013) ("In 2011, Congress replaced inter partes reexamination with a new proceeding called inter partes review so as to 'convert[] inter partes reexamination from an examinational to an adjudicative proceeding.'"); *Avaya*, IPR2013-00071, Paper 15 at 5 ("An *inter partes* review is an administrative trial (i.e., a "contested case instituted by the Board based upon a petition") conducted by the Board according to Board rules.").  Review proceedings are "not original examination, continued examination, or reexamination of the involved patent."  *ScentAir*, IPR2013-00179, Paper 9 at 4.  Rather, they are "trial[s], adjudicatory in nature and constituting litigation."  *Id.*  Notably, the parties did not include any administrative trial proceedings, such as Review or ITC Section 337 Actions, in the definition of "prosecution" under the protective order.

### (b)   Unlike Reexaminations, Reviews Permit Discovery

One substantial difference with reexaminations is the availability of discovery in Review proceedings, including inventor depositions.  The statutory scheme for reexamination (whether *ex parte* or *inter partes*) made no provisions for discovery.  *See* 35 U.S.C. §§ 311-318 (pre-AIA);

*see also Abbott Labs.*, 710 F.3d at 1327 (affirming no discovery is permitted in a reexamination because it is not a "contested case" within the meaning of 35 U.S.C. § 24).  By contrast, Reviews permit discovery, including "the deposition of witnesses submitting affidavits or declarations" and "what is otherwise necessary in the interest of justice." 35 U.S.C. § 316(a)(5).

Depositions and any other discovery conducted in the Review will directly relate to the '540 Patent and prior art asserted in this litigation.  In coming months, Sequenom and Isis will take depositions of key witnesses that will also be deposed in the litigation, and will likely need to defend the depositions of Drs. Lo and Wainscoat, the inventors of the '540 Patent.

(c)  **Opportunity to Amend In Review Is Significantly Limited**

Reexamination procedures allowed a patent owner multiple opportunities and broad leeway to present amended and/or new claims to the Patent Office.  Under *ex partes* and *inter partes* reexamination rules, a patent owner could propose any number of amended or new claims as long as the amended or new claims did not broaden the scope of the originally-patented claims. *See* 37 C.F.R. § 1.530; 35 U.S.C. § 314 (Pre-AIA).  As a result, in reexamination, a patent owner could bargain back-and-forth with a patent examiner regarding claim amendments or to add an unlimited number of narrowed claims to the patent.

By contrast, a patent owner in Review has a limited right to present amended or new claims to the Administrative Law Judges.  Unlike the patent owner in reexamination, the patent owner in Review may not bargain back-and-forth with the Judges.  Instead, the patent owner may file only **one** motion during the Review that either cancels challenged claims or proposes substitute claims, which may not enlarge the scope of the claims of the patent or introduce new matter. 35 U.S.C. § 316(d).  Any additional motion to amend claims or present new claims will not be allowed unless the petitioner and patent owner make a joint request for such a motion in order to materially advance the settlement of the proceeding, or as permitted by the Director.  35 U.S.C. § 316(d).  Thus, in most Reviews, the patent owner will have only one opportunity to cancel existing claims or add new claims that narrow the claims' scope.

Ariosa seeks to distinguish *Avaya* because the prosecution bar in that case differed from the prosecution bar here in that the prosecution bar in *Avaya* allowed litigation counsel to

16

KAYE SCHOLER LLP

participate in reexamination as long as litigation counsel did not act as counsel of record or reveal the contents of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to reexamination counsel.  (Dkt. 165 at 2.)  This is a distinction without a difference.  The Board's relevant determinations in *Avaya* regarding the scope of the prosecution bar did not depend on the particular language of the prosecution bar.  First, the Board determined that a bar on reexaminations should not extend to Reviews, because Reviews are a fundamentally different proceeding.  *Avaya*, IPR2013-00071, Paper 15 at 5.  Second, the Board determined that it would not accept petitioner's mere speculation that litigation counsel would violate the protective order's prohibition on use of AEO information in the Review proceeding.  *Id.* at 5-6.  Neither of these rulings depend upon the distinction cited by Ariosa.

Further, Ariosa's attempt to distinguish *Avaya* based on the differing language in the protective order is misleading.  In *Avaya*, the Board also considered a second protective order at issue that prohibited litigation counsel's participation in "any aspect of any reexamination proceedings" involving the patent-in-suit.  *Id.* at 6.  The Board repeated its determination that this bar, which even more closely resembles the prosecution bar in the instant litigation, did not extend to Review proceedings either and emphasized that "[a]gain, an *inter partes* review proceeding is not a reexamination proceeding."  *Id.*

In light of the significant differences between reexaminations and Review, the Court should follow the Board's persuasive guidance in *Avaya* and *ScentAir* and likewise conclude that the new Review proceedings are distinct administrative trial procedures unlike reexaminations for purposes of the prosecution bar.

### B.    Litigation Counsel's Proposed Limited Participation In The Review Proceedings Will Not Violate The Prosecution Bar

As explained above, Review proceedings at the Patent Office are not at all equivalent to reexamination proceedings at the Patent Office.  The Patent Office recognizes numerous distinctions between the two proceedings, including a distinction for the purposes of a prosecution bar under a Protective Order.  *See, e.g.*, *Avaya*, IPR2013-00071, Paper 15 at 5; *ScentAir*, IPR2013-00179, Paper 9 at 4.  Although the instant prosecution bar includes

17

KAYE SCHOLER LLP

reexamination, it specifically does not include Review in its definition of "prosecution."  There is no basis in the literal language of the Protective Order to prohibit litigation counsel's participation in the Review, and such a prohibition should not be read into the Protective Order in view of the clear distinction between reexaminations and Review.  Therefore, the only issue confronting the Court concerns whether litigation counsel's participation in the Review proceedings will "indirectly . . . or otherwise affect[] the scope or maintenance of patent claims."  It will not.

Litigation counsel has agreed that it will *not* participate in the limited claim amendment option available in Review, if such amendment is even necessary.  Litigation counsel has further agreed it will *not* communicate with its clients or co-counsel regarding any possible claim amendments.  *See, e.g.*, *Shared Memory Graphics LLC v. Apple, Inc.*, 2010 WL 4704420, at *2-5 (N.D. Cal. Nov. 12, 2010) (permitting litigation counsel to participate in reexamination proceedings initiated by the accused infringer because litigation counsel agreed to (i) not use confidential information, and (ii) not participate in drafting new claims or amending existing claims).  Kaye Scholer partner Michael Malecek, Sequenom's lead litigation attorney, is not and has never been Sequenom's or Isis' prosecution counsel.  Indeed, he is not a registered patent attorney.  Further, no attorneys at Kaye Scholer perform patent prosecution services.

Ariosa has taken the unreasonable position that litigation counsel might "indirectly" affect the claims if it participates in activities that are wholly unrelated to claim amendment, such as preparing Kaye Scholer's own clients — the inventors of the '540 Patent — for deposition in the Review.  Indeed, Ariosa has recently demanded confirmation that litigation counsel "will not participate in preparation of the patent owner's response, preparation of any of the patent owner's declarants for deposition, preparation for deposition of Ariosa's declarants by the patent owner," and even that litigation counsel "will not attend any depositions in the *inter partes* review."  *See* Allen Decl., Ex. B.  Ariosa even claims the prosecution bar prohibits "any communications with Isis's inter partes review counsel at Sterne Kessler regarding the substance of the inter partes review."  *See id*., Ex. C.  Such an interpretation further underscores Ariosa's improper motives to deprive Sequenom, Isis, and the inventors of their counsel of choice.

18

Under Ariosa's overly-broad interpretation of the Protective Order, the prosecution bar prohibits litigation counsel from engaging in *any* activities *remotely* associated with the Review, even where such activities significantly impact and overlap with the present litigation, and even where such activities have never been and could never be considered patent prosecution.  For example, under Ariosa's interpretation, litigation counsel would be barred from arguing claim construction in this litigation, other litigations, or ITC actions because such activities would affect the scope of the claims (whether directly or indirectly).  Ariosa's interpretation would further prohibit litigation counsel from making validity arguments ***in any forum*** as such arguments seek to *maintain* the claims.  Ariosa's sweeping interpretation of the prosecution bar eviscerates its purpose and grossly overstates the risk associated with inadvertent disclosure of Ariosa's highly confidential information if litigation counsel participates in the Review as proposed below.

Litigation counsel anticipates the Review proceeding may necessitate the following activities, and seeks to participate in these activities:

- Preparing Isis's declarants — including the inventors of the '540 Patent (whom litigation counsel represents in their personal capacity) — for depositions in the Review;

- Taking depositions of Ariosa's declarants in the Review;

- Reviewing the inventors' documents relating to conception and reduction to practice of their invention;

- Discussing discovery in, and the status of, the Review with Sequenom and Isis;

- Discussing discovery in, and the status of, the Review with the inventors of the '540 Patent;

- Discussing discovery in, and the status of, the Review with Sterne Kessler (Isis's post-grant counsel);

- Discussing responses to the arguments advanced by Ariosa attacking the validity of the '540 Patent in the Review and in the litigation;

- Drafting Isis's patent owner's response and Isis's patent owner's preliminary response to Ariosa's second petition for Review; and

- Drafting declarations in support of Isis's patent owner's response.

KAYE SCHOLER LLP

By participating in such activities, litigation counsel will not assist in drafting, revising, or otherwise amending the scope of any claims of the '540 Patent.

As previously stated, litigation counsel does not seek to participate in activities that will affect the scope of the claims such as "drafting, amending, or advising on the scope or maintenance" of the patent claims, or:

- Drafting any claim amendments to be proposed in Review;

- Providing strategic advice to Sequenom or Isis or their counsel on the direction that claims should take; and

- Discussing potential claim amendments with Sterne Kessler (Isis's post-grant counsel).

Out of an abundance of caution, Sequenom and Isis request that the Court issue a ruling that their litigation counsel may participate in the Review proceedings as requested without running afoul of the parties' stipulated Protective Order.

### C.    Alternatively, Good Cause Exists To Modify The Protective Order

The Protective Order does not prohibit Sequenom's litigation counsel from participating in Review as requested above.  In the event that the Court disagrees and adopts Ariosa's broad interpretation of the bar, good cause exists for the Court to modify the Protective Order to allow litigation counsel to participate in the limited manner requested.

Rule 26(c) of the Federal Rules of Civil Procedure gives this Court broad discretion to decide the appropriate degree of protection warranted under a protective order.  *See* Fed. R. Civ. P. 26(c).  The Court has inherent authority to grant a motion to modify a protective order where good cause is shown.  *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).  The Court should grant the motion if Sequenom and Isis show that specific prejudice will result to them absent the requested modification to the protective order.  *Id.* at 1210-1211.  Where a request for a modification to a protective order arises in the context of a patent case with a prosecution bar in a protective order, the Court must apply the law of the Federal Circuit.  *See Deutsche Bank*, 605 F.3d at 1377-78; *see also EON Corp. IP Holdings, LLC v. AT&T Mobility LLC*, 881 F. Supp. 2d 254, 256-58 (D.P.R. 2012).

In *Deutsche Bank*, the district court had entered a prosecution bar preventing "anyone who gain[ed] access in the litigation to documents marked 'confidential — patent prosecution bar' from any involvement in prosecuting any patent in the area of 'deposit sweep services' during, and for a limited period after, the conclusion of th[e] litigation." *Deutsche Bank*, 605 F.3d at 1376. Despite this previously entered protective order, the court granted an exemption to the prosecution bar for patent owner's lead trial counsel. *Id.* The accused infringer petitioned the Federal Circuit for a writ of mandamus directing the district court to vacate its order exempting the patent owner's litigation counsel from the patent prosecution bar. *Deutsche Bank*, 605 F.3d at 1375. In addressing the writ, the Federal Circuit directed district courts to analyze the propriety of a prosecution bar and set forth the standard for analyzing the propriety of a prosecution bar. It held that a court may properly modify a prosecution bar to permit counsel's participation in proceedings before the Patent Office if it is shown:

> (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decision-making related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation; and (2) the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.

*Deutsche Bank*, 605 F.3d at 1381-82. This determination should be made "by the facts on a counsel-by-counsel basis." *Deutsche Bank*, 605 F.3d at 1381; *see also Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182 (D. Del. 2010) (finding *Deutsche Bank* applies to determine whether counsel may participate in post-grant proceedings). Here, the Court should permit litigation counsel to participate in the Review because substantial harm will result if Sequenom's experienced litigation counsel cannot participate in the Review. This harm outweighs the attenuated risk that litigation counsel will inadvertently use confidential information learned in litigation because the tasks in which litigation counsel seek to participate do not implicate competitive decision-making.

### 1. Substantial Harm Will Result To Sequenom And Isis From Limiting Their Choice Of Counsel

Ariosa gained a tactical advantage by conducting substantial discovery on the '540 Patent in *this litigation*, which included receiving document productions and a two-day deposition of Dr.

21

Lo, and then by using this discovery to support its two, back-to-back petitions for Review.  Ariosa now seeks to stay the litigation, while moving forward with the Review.

Ariosa procedural maneuverings evince a calculated effort to disadvantage Sequenom, Isis, and the inventors by depriving them of their litigation counsel.  The Court should not allow Ariosa to deprive Sequenom, Isis, and the inventors of their fundamental right to choose which counsel will defend them against Ariosa's attacks on the '540 Patent.  *See Powell v. Alabama*, 287 U.S. 45, 53 (1932) ("It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice.").  In comparison to the attenuated risk that litigation counsel will misuse Ariosa's highly confidential information, the harm that will result from denying Sequenom, Isis, and the inventors of their choice of counsel is significant.  *See Xerox*, 270 F.R.D. at 185.

In *Xerox*, the parties stipulated to an interim protective order, which included a prosecution bar.  *Id.* at 183.  When negotiating a permanent protective order, the parties disputed whether it should prohibit the patent owner's litigation counsel — who had already accessed confidential information pursuant to the interim protective order — from participating in reexamination.  *Id.*  Following *Deutsche Bank*, the district court balanced the risk of inadvertent disclosure or competitive use against the potential harm in denying the patent owner its counsel of choice.  *Id.* at 183-84.  Finding the patent owner would suffer significant harm if denied reexamination counsel of its choice, the court noted that the patent owner "clearly has a strong interest in choosing its own counsel — particularly in the complex and technical realm of patent litigation." *Id.* at 185.  The court reasoned that litigation counsel had acquired expertise in the patents-in-suit, including the patents' claim language and prior art.  *Id.*  Thus, the court concluded that "[f]orcing plaintiff to rely on less knowledgeable counsel during reexamination would [] increase costs and duplicate effort." *Id.*  The court reasoned that preventing litigation counsel from participating in the reexamination would disrupt the patent owner's "legitimate interest in formulating a coherent and consistent litigation strategy" because "choices made before the PTO nonetheless have consequences in [the district] court." *Id.* at 185.

22

KAYE SCHOLER LLP

Likewise, Sequenom, Isis, and the inventors have a strong interest in choosing their counsel.  As explained above, litigation counsel has substantial familiarity and experience with the subject matter disclosed in the '540 Patent and the prior art asserted in both the Review and litigation.  Litigation counsel has been analyzing the '540 Patent and prior art for several years.  Moreover, litigation counsel personally represents the inventors of the '540 Patent and has previously prepared them for depositions in this litigation.  Litigation counsel is undoubtedly the most familiar counsel to represent Sequenom, Isis, and the inventors regarding the '540 Patent.

Sterne Kessler, Isis's post-grant counsel, was only retained within the past year — after Ariosa filed its first petition for Review on September 17, 2012.  While Sterne Kessler certainly has extensive experience handling various proceedings before the Patent Office, Sterne Kessler does not have the same depth of knowledge and familiarity as litigation counsel regarding the specific patent and prior art at issue in this case or the relevant witnesses, and will be hampered in efforts to gain that level of knowledge given the expedited nature of the Review proceedings.  Prohibiting litigation counsel — the most knowledgeable about this case — from participating in the Review proceedings is highly prejudicial and unfair.  This is especially true given that Ariosa petitioned for the Review in the first place.  Forcing Sequenom, Isis, and the inventors to rely on less knowledgeable counsel during Review would not only lead to duplicated efforts and increased costs, it would deprive them of the deep understanding of the issues that litigation counsel has developed over several years.

Here, like in *Xerox*, Sequenom, Isis, and the inventors will be substantially injured if their experienced litigation counsel are prohibited from participating in Ariosa's repeated, unwarranted attacks on the '540 Patent before the Patent Office, especially considering Ariosa initiated this lawsuit and then petitioned for the concurrent Review proceedings before the Patent Office.

### 2. The Risk Of Inadvertent Disclosure Is Minimal As Litigation Counsel's Proposed Review Activities Do Not Involve Competitive Decision-Making Nor Patent Prosecution

As *Deutsche Bank* teaches, if litigation counsel plays "no significant role in crafting the content of patent applications" and no role in advising clients regarding the direction to take their claims, there is little risk that counsel "will inadvertently rely on or be influenced by information

23

they may learn as trial counsel during the course of course of litigation.  This is because the opportunity such attorneys have to engage with the client in any competitive decision-making in connection with such patent prosecution activities is remote."  605 F.3d at 1379-80.  Litigation counsel will not be making competitive decisions in the Review.  As previously explained, litigation counsel will neither participate in the limited claim amendment option available in Review, if such amendment is even necessary, nor discuss any possible claim amendments with its clients or co-counsel.  Litigation counsel will limit its participation to the litigation-like aspects of the Review, such as discovery, and responding to prior art attacks on the claims.

Further, litigation counsel's limited participation in the Review does not pose a risk of disclosure of Ariosa's or any other parties' AEO information because the Board granted Ariosa's petition for review of certain claims of the '540 Patent based on public prior art — the exact same prior art that Ariosa has asserted in this litigation.[8]  No confidential information of Ariosa or any party has been used by Ariosa in the Review.  All of its filings are publicly available on the Patent Office's web portal.  Because the Review only concerns the validity of the '540 Patent in view of publicly available references, only those publicly available references require analysis.  Any AEO information produced in this litigation is irrelevant to the Review.  *See Kenexa Brassring Inc. v. Taleo Corp.*, 2009 WL 393782, at *2 (D. Del. Feb. 18, 2009) ("The crux of this dispute is whether the court reads "any patent application" to include reexamination proceedings.  It does not. . . .  Because reexamination involves only the patent and the prior art, defendant's confidential information is "basically irrelevant to the reexamination."); *Hochstein v. Microsoft Corp.*, 2008 WL 4387594, at *3 (E.D. Mich. Sept. 24, 2008) ("Defendant's confidential information is basically irrelevant to the reexamination; it is undisputed that the reexamination only involves the patent and the prior art.").

---

[8] Ariosa's invalidity contentions assert the same prior art as presented in Ariosa's petition for Review.  Allen Decl., Exs. A and D.  Notably, Ariosa's petition heavily relies upon Dr. Kazakov, a third party, who will be a witness in both the litigation and Review.

SEQUENOM'S MOTION TO CLARIFY                                    Case No. 3:11-cv-06391-SI

1  Although Ariosa's AEO information has no bearing on the validity of the '540 Patent in

2  the Review, litigation counsel has explicitly agreed to refrain from participating in amending or

3  revising the claims of the '540 Patent in the Review.  Litigation counsel plans to limit its

4  participation to the litigation-like aspects of the Review, such as discovery.  Based on these facts,

5  there is no risk that litigation counsel will use Ariosa's or any parties' AEO information to affect

6  the scope of the '540 Patent.  In light of the significant harm that Sequenom, Isis, and the

7  inventors will suffer if the Court permits Ariosa to prevent their experienced litigation counsel

8  from participating in the Review, the Court should modify the Protective Order to permit

9  litigation counsel to participate in the Review as requested.

10  **IV.    CONCLUSION**

11  For the foregoing reasons, Sequenom and Isis respectfully request that this Court clarify

12  or, alternatively, modify the Protective Order to confirm that Sequenom's litigation counsel can

13  participate in *inter partes* review proceedings as described above.

14

15  Dated: May 1, 2013                         Respectfully submitted,

16                                             KAYE SCHOLER LLP

17                                             By:___ */s/ Michael J. Malecek*_____
                                                    Michael J. Malecek
18                                             Attorneys for Defendant
                                               SEQUENOM, INC.

19

20

21

22

23

24

25

26

27

28

SEQUENOM'S MOTION TO CLARIFY                              Case No. 3:11-cv-06391-SI

KAYE SCHOLER LLP