EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
MICHELE A. GAUGER (Bar No. 281769)
michele.gauger@weil.com
AARON Y. HUANG (State Bar No. 261903)
aaron.huang@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for VERINATA HEALTH, INC.
and THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ARIOSA DIAGNOSTICS, INC.,<br><br>        Plaintiff,<br>    v.<br><br>SEQUENOM, INC.,<br><br>        Defendant. | Case No. 3:11-cv-06391-SI<br><br>**VERINATA'S RESPONSE TO SEQUENOM, INC.'S MOTION TO CLARIFY OR ALTERNATIVELY, MODIFY PROTECTIVE ORDER** |
| SEQUENOM, INC.,<br><br>        Counterclaim Plaintiff,<br>    v.<br><br>ARIOSA DIAGNOSTICS, INC.,<br><br>        Counterclaim Defendant,<br>    v.<br><br>ISIS INNOVATION LIMITED,<br><br>        Nominal Counterclaim Defendant. | Date:     June 14, 2013<br>Time:    9:00 AM<br>Location: Courtroom 10, 19th Floor<br>Judge:   Hon. Susan Illston |

On May 1, 2013, Sequenom and Isis filed a motion with this Court seeking confirmation that the prosecution bar in the Related Cases would not prohibit the limited participation of their litigation counsel in the *inter partes* review of Sequenom's '540 patent.[1]  *See* Dkt. No. 175.  In their motion, Sequenom and Isis propose for the first time the scope of activities that Kaye Scholer attorneys would (and would not) carry out when participating in the *inter partes* review of the '540 patent.  *See, e.g.*, Dkt. No. 175 at 18-20; Dkt. No. 176 at 2-3.  In view of these clarifying representations, Verinata respectfully submits that the general scope of relief requested by Sequenom and Isis is not inappropriate.  *See* Dkt No. 176.  However, to avoid additional dispute down the road, Verinata proposes a few modest modifications to the relief sought by Sequenom and Isis.

In their motion, Sequenom and Isis confirmed that "[l]itigation counsel has agreed that it will ***not*** participate in the limited claim amendment option available in Review, if such amendment is even necessary.  Litigation counsel has further agreed it will ***not*** communicate with its clients or co-counsel regarding any possible claim amendments."  Dkt. No. 175 at 18 (emphasis in original).  In this regard, Sequenom and Isis confirm that Kaye Scholer attorneys must remain prohibited from participating in any aspect of the *inter partes* review insofar as it pertains to the drafting, crafting, shaping, or amending of claims, but will be able to participate in other litigation related aspects of the review proceedings.  This interpretation of the prosecution bar is consistent with its plain language and comports with the most recent decisions of this Court.  Indeed, just days ago, Magistrate Judge Grewal issued an opinion regarding the interpretation of the prosecution bar in the Northern District of California Model Protective Order, upon which the prosecution bar in all of the Related Cases is based.  In his opinion, Judge Grewal addressed the exact same prosecution bar dispute that is currently before Your Honor, ultimately adopting an interpretation generally consistent with the relief sought by Sequenom and Isis here.  *See John v. Lattice Semiconductor Corp.*, No. 12-cv-04384 PSG (N.D. Cal. May 7, 2013) (finding that litigation counsel could

---

[1] Although Sequenom and Isis filed their motion only in their case against Ariosa (Case No. 11-cv-06391), their Notice of Motion made clear that they were seeking clarification of the protective order in all of the Related Cases, including the two cases involving Verinata.  Therefore, a response from Verinata is appropriate.

participate in reexamination proceedings "in a limited way" because counsel was still "properly prohibited from assisting in any crafting or amendment of patent claims").

In an effort to articulate the precise contours of a court order consistent with the foregoing, Sequenom and Isis submitted with their motion a proposed order identifying nine permitted activities and three prohibited activities for Kaye Scholer attorneys. *See* Dkt No. 176 at 2-3. While Sequenom and Isis's proposed order is a good starting point, it does not adequately address a critical issue, specifically, Kaye Scholer's activities with regard to claims that have been amended or newly added as part of the *inter partes* review, but that have not yet actually issued. Such embryonic claims that have not yet issued and that are being debated as part of *inter partes* review remain highly malleable, and Kaye Scholer's involvement in such things as preparing expert declarations, taking depositions, and preparing responses regarding such claims can have a heavy impact on their scope. Moreover, because the claims at issue in such activities have not yet issued, these activities are not comparable to the typical litigation activities (which involve issued claims that the Patent Office can no longer speak to) that Sequenom and Isis seek to have Kaye Scholer participate in. *See* Dkt No. 175 at 1 ("Sequenom and Isis simply seek to clarify that Sequenom's litigation counsel can perform activities in the Review that are nearly identical to the tasks they would perform in the litigation."). Kaye Scholer should thus be prohibited from participating in such activities.

To effectuate this prohibition, Verinata submits herewith a slightly modified version of the proposed order submitted by Sequenom and Isis in support of their motion.[2] Verinata's proposed modifications are entirely in line with Sequenom and Isis's representations that Kaye Scholer shall not participate in activities that impact claim scope, and is further supported by the language of the prosecution bar, which broadly prohibits participation of Kaye Scholer in any activities "directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims." In view of the foregoing, Verinata respectfully requests that the Court enter the proposed order submitted herewith.

---

[2] Verinata's proposed order also includes a few additional modest modifications to enhance clarity and further avoid dispute.

VERINATA'S RESPONSE TO
MOTION RE: PROTECTIVE ORDER                    2                    Case No. 3:11-cv-06391-SI

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: May 15, 2013 | WEIL, GOTSHAL & MANGES LLP |
|   | By: */s/ Edward R. Reines*<br>Edward R. Reines<br>Attorneys for<br>Verinata Health, Inc. and The Board of Trustees of the Leland Stanford Junior University |