W. Paul Schuck, State Bar No. 203717
*pschuck@bztm.com*
Sony B. Barari, State Bar No. 243379
*sbarari@bztm.com*
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Plaintiff/Counterclaim Defendant
NATERA, INC. and Counterclaim Defendant
DNA DIAGNOSTICS CENTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEQUENOM, INC. and ISIS INNOVATION LIMITED, <br><br> Defendants. | No. 12-CV-0132-SI <br><br> **OPPOSITION OF NATERA, INC. AND DNA DIAGNOSTIC CENTERS, INC. TO SEQUENOM, INC.'S MOTION TO CLARIFY OR, ALTERNATIVELY, MODIFY PROTECTIVE ORDER** <br><br> Judge:   The Honorable Susan Illston <br> Ctrm:   Courtroom 10, 19th Floor <br> Date:   June 14, 2013 <br> Time:   9:00 a.m. |
| AND RELATED COUNTERCLAIMS | |

Plaintiff and Counterclaim Defendant Natera, Inc. ("Natera") and Counterclaim Defendant DNA Diagnostics Centers, Inc. ("DDC") hereby respond to Sequenom, Inc.'s Motion to Clarify or Alternatively, Modify Protective Order (*Ariosa* Dkt. 175) and hereby join in Ariosa Diagnostics, Inc.'s Opposition to Sequenom, Inc.'s Motion to Clarify or Alternatively, Modify Protective Order. (*Ariosa* Dkt. 187.)

**PRELIMINARY STATEMENT**

Once again, under the guise of "clarification," Sequenom attempts to change the clear meaning of the agreed-upon Protective Order in this litigation. The Protective Order clearly bars an attorney with access to "OUTSIDE ATTORNEYS EYES ONLY INFORMATION" from being involved in "directly or indirectly drafting, amending advising, or otherwise affecting the scope of maintenance of patent claims" before the Patent and Trademark Office ("PTO"). Nonetheless, Sequenom seeks to have the Court redefine this language to allow its attorneys who have enjoyed access to the other parties' most confidential information to participate in an *inter partes* review ("IPR") before the PTO. In an IPR, a party can amend or draft new claims, as well as argue for maintaining the validity of existing claims. By any reasonable reading, participation in an IPR runs afoul of the provisions of the Protective Order.

Sequenom's counsel has already had access to the declaratory judgment plaintiff's most valued proprietary information for more than six months. Allowing the attorneys to use this information in an IPR—even if only inadvertently—would prejudice Natera, DDC, and Ariosa. Justice requires enforcement of the negotiated and agreed-upon protective order.

Sequenom's request is not only substantively meritless, it should be rejected on procedural grounds alone. First, although Sequenom seeks to modify the protective order in three (perhaps four) related cases, Sequenom never filed or served anything in the other cases. Second, this is the second time that Sequenom has raised this exact issue with the Court. After a previous letter brief, and argument at the April 19, 2013 status conference failed to persuade the Court, Sequenom filed the instant motion on May 1, 2013. This District has adopted rules to prevent parties from repeatedly bringing meritless requests and arguments. *See* Civil L.R. 7-9. Sequenom chose to

1 ignore these provisions and file its redundant motion.  Both the lack of substantive merit and
2 procedural impropriety justify denial of Sequenom's dubious motion.

### Argument

**I.    Natera Joins in and Incorporates Ariosa's Opposition to the Motion to Clarify.**

Ariosa has submitted a detailed opposition to Sequenom's Motion to Clarify addressing the factual background and appropriate law.  (*Ariosa* Dkt. No. 187 ("Opposition").)  Rather than reiterate the same arguments, Natera and DDC hereby join in Ariosa's Opposition and incorporate it as set forth herein.

**II.   Sequenom's Motion Provides No Basis for Altering the Protective Order in *Natera v. Sequenom***

Sequenom filed its motion in *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, Case No. 11-cv-6391 SI.  (*Ariosa* Dkt. 175.)  However, Sequenom apparently seeks to modify the protective orders in *Natera v. Sequenom,* Case No. 12-cv-132 SI and *Verinata Health, Inc. v. Sequenom, Inc.*, Case No. 12-cv-865 SI.  (*Arisoa* Dkt. 175, Notice of Motion (recognizing separate protective orders in these cases).)  While these cases have been related to the *Ariosa* case, they are not consolidated with *Ariosa* and are independent cases.  However, Sequenom never properly filed or served anything in the *Natera* case (or, to Natera's knowledge, in the *Verinata* case.).

Thus, Sequenom seeks modify the Protective Order in *Natera v. Sequenom* without actually filing anything or providing notice **in the *Natera* case.**  This cannot be procedurally proper.[1]  If Sequenom seeks actions in the *Natera* case, it should act in that case.  This is part of a pattern of behavior by Sequenom of treating the related cases as one when convenient and then ignoring the related cases when desirable.  Even if the Court grants Sequenom's motion in *Ariosa*, modification of the Protective Order in *Natera v. Sequenom* is not appropriate until, at least, Sequenom properly seeks relief in that case.

---

[1] Having learned of Sequenom's motion in *Ariosa*, Natera and DDC are responding in both the *Ariosa* case and the *Natera* case.

### III. Sequenom Failed to Comply with Civil Local Rule 7-9.

Sequenom first raised the issue of modifying the Protective Order with the Court in a letter submitted in the related cases on April 12, 2013.[2] (*Ariosa* Dkt. 72.) At an April 19, 2013 status conference, the Court denied the request made in the letter brief. (*Ariosa* Dkt. 175, at 7; *Ariosa* Dkt. 187, at 3.) Sequenom, uniquely among the parties, takes the position that the Court "invited" counsel to submit the instant motion. (*Ariosa* Dkt. 175, at 7.)

Civil Local Rule 7-9 applies where a party seeks reconsideration of a ruling by the Court. Here, Sequenom requested modification of the protective order and the parties, including Sequenom, agree that the Court did not grant that request. Thus, the instant motion should be considered a motion for reconsideration. As such, Sequenom should seek leave to file the motion and show why the Court's previous ruling was flawed. (Civil L.R. 7-9(b).) Moreover, Rule 7-9(c) prohibits repetition of arguments. Rather than acknowledge that this is a motion to reconsider, Sequenom relies upon a purported "invitation" from the Court.

In Local Rule 7, this District has adopted a comprehensive system for raising issues with the Court. Sequenom has flaunted these rules with its unauthorized letter brief and unacknowledged motion to reconsider. On purely procedural grounds, granting Sequenom relief is not proper.

### Conclusion

For the foregoing reasons, Natera and DDC respectfully request that the Court DENY Sequenom's Motion to Clarify, or Alternatively, Modify Protective Order, in its entirety.

---

[2]   The submission of such a letter brief in this context was not consistent with the provisions of any Civil Local Rule in this District.

-4-

DATED:  May 15, 2013

                                                BARTKO, ZANKEL, BUNZEL & MILLER

By:  */s/ W. Paul Schuck*
      W. Paul Schuck
      Attorneys for Plaintiff/Counterclaim Defendant
      NATERA, INC. and Counterclaim Defendant
      DNA DIAGNOSTICS CENTER, INC.