IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIOSA DIAGNOSTICS, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> SEQUENOM, INC., et al. <br><br> Defendants/Counterclaim-Plaintiffs. | Nos. C 11-6391 SI; <br> C 12-0865 SI; <br> C 12-5501 SI <br><br><br><br> **ORDER DENYING MOTIONS TO STAY** |
| VERINATA HEALTH, INC., et al., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> SEQUENOM, INC., et al., <br><br> Defendants/Counterclaim-Plaintiffs. | |
| VERINATA HEALTH, INC., et al., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> ARIOSA DIAGNOSTICS, INC.., et al., <br><br> Defendants/Counterclaim-Plaintiffs. | |

Currently before the Court are three motions to stay in these related cases. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the June 14, 2013 hearing on these motions. Having considered the papers submitted, and for good cause shown, the Court DENIES the motions to stay.

In **No. C 11-6391 SI**, Ariosa moves to stay all litigation regarding Sequenom's licensed patent, the '540 Patent. Ariosa argues a stay is warranted because the Patent Trial and Appeals Board (PTAB) granted a request for inter partes review (IPR) of the '540 patent on March 19, 2013. Natera joins the motion to stay. Verinata supports the motion to stay, as long as the related litigation regarding Verinata's patents it not stayed. Sequenom opposes the motion to stay arguing that Verinata's conduct – initiating this case, then seeking an IRP and now attempting to stay the litigation it commenced – is inequitable. Sequenom also argues that staying the case will not provide significant efficiencies because Natera and Verinata would still be able to assert the full panoply of prior art as a defense in this Court even though Sequenom will be estopped from relying on prior art raised in the IPR. Finally, Sequenom contends that a stay would unfairly harm it because Sequenom has limited time left to commercially enforce the '540 patent before it expires in 2018.

In **No. C 12-865 SI**, Sequenom asks the Court to stay the litigation as to Verinata's separate patents (the '017/'018/'415 patents) if the Court grants Ariosa's motion to stay litigation on the '540 patent. Sequenom argues the stay is warranted because the PTO recently declared "interferences" between Verinata's '017 and '018 patents and a patent application filed by the inventor of the '540 patent (which are all licensed to Sequenom). Ariosa supports the contingent motion and Natera takes no position. Verinata opposes the contingent stay, arguing there is no need to stay because its patents are wholly unrelated to the '540 patent. With respect to the interferences, Verinata argues it should not be precluded from asserting its patents during the lengthy interference proceedings which, if successful, will only lead to an appeal from the PTO to a federal district court, and thereby negate any potential efficiencies from staying this case in light of the interference proceedings.

In **No. C 12-5501 SI**, Ariosa moves to stay litigation regarding the two Verinata patents asserted against it (the '076 and '430 patent) in light of Ariosa's filing of requests for IPR against the Verinata patents. Ariosa argues that in light of all of the actual and potential PTO and PTAB proceedings related

2

to the patents in the suits, the best case management procedure would be to stay all of these related cases. Verinata opposes the motion, pointing out that the PTAB has not acted on either of the requests for IRP, even if granted there is no guarantee that the IRP will narrow the issues raised in this case, and a stay will severely prejudice Verinata which has litigated this (and the related cases involving its patents) with urgency.

The Court has considered all of the arguments raised in the related stay motions and DENIES each of the motions. The Court recognizes that there are numerous ongoing PTO and PTAB proceedings involving the patents in these suits, but finds that those proceedings are unlikely to simplify all or a significant portion of the issues raised in the cases before the Court on a timely basis. The Court recognizes that the field covered by the patents in suit – non-invasive prenatal testing and diagnosis – is nascent but has rapidly developed into a multi-billion dollar industry. The need for a final determination of the validity and scope of patents in issue, as well as their potential infringement, counsels strongly against staying these cases for a significant period of time while the PTO and PTAB consider the prior art and priority issues before them. Finally, this case is on the cusp of claim construction and significant discovery has been already taken. All of these issues counsel in favor of denying the motions to stay and proceeding with the litigation in this venue.

**IT IS SO ORDERED.**

Dated: June 11, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE