|United States District Court|
|For the Northern District of California|

1
2
3
4
5
6
7
8     IN THE UNITED STATES DISTRICT COURT
9     FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11
12  ARIOSA DIAGNOSTICS, INC.,                     Nos.  C 11-6391 SI;
13         Plaintiff/Counterclaim-Defendant,            C 12-0865 SI;
                                                       C 12-5501 SI
14     v.
15  SEQUENOM, INC., et al.
16         Defendants/Counterclaim-Plaintiffs.
                                              /    **ORDER ON MOTION TO CLARIFY OR
17                                                 MODIFY PROTECTIVE ORDER**
    VERINATA HEALTH, INC., et al.,
18         Plaintiffs/Counterclaim-Defendants,
19     v.
20  SEQUENOM, INC., et al.,
21         Defendants/Counterclaim-Plaintiffs.
                                              /
22  VERINATA HEALTH, INC., et al.,
23         Plaintiffs/Counterclaim-Defendants,
24     v.
25  ARIOSA DIAGNOSTICS, INC.., et al.,
26         Defendants/Counterclaim-Plaintiffs.
                                              /
27
28

Currently before the Court is Sequenom's motion to clarify or modify the protective order in place in these related cases. Docket No. 175.[1] Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the June 14, 2013 hearing on this motion. Having considered the papers submitted, and for good cause shown, the Court GRANTS the motion to modify the protective order as described below.

As an initial matter, the Court finds that the patent prosecution bar imposed in these cases covers "prosecution" in the newly available Inter Partes Review (IRP) proceedings before the Patent Trial and Appeals Board (PTAB). "Prosecution," as defined in the patent prosecution bar, is broad and includes any conduct that could "directly or indirectly" affect the scope or maintenance of patent claims in proceedings before the Patent and Trademark Office. Here, conduct taken in, or in support of, the pending IPR proceedings could affect the scope or maintenance of the claims in Sequenom's patent.

However, based on the circumstances present in this case and in light of the issues the Federal Circuit suggests be considered in imposing or modifying a patent prosecution bar,[2] the Court finds good cause under Rule 26(c) to modify the patent prosecution bar here. Specifically, the Court finds that the proposed modifications suggested by Verinata (Docket No. 188-1), strike the appropriate balance to protect against inadvertent disclosure and allow Sequenom to benefit from the expertise litigation counsel has developed with respect to the prior art raised in this case and in the PTAB proceeding.

Therefore, the patent prosecution bar is HEREBY AMENDED as follows:

---

[1] Natera, a party to Case No. C 12-132 SI, opposes the motion to clarify or amend and argues that because Sequenom filed its motion only in Case No. C 11-6391 SI, the Court should not consider clarifying or amending the protective order in its case. *See* Docket No. 189 in Case No. C 11-6391 SI. The Court, however, will consider Sequenom's motion as one to clarify or amend the protective orders in Case Nos. C 11-6391 SI, C 12-865 SI and C 12-132 SI.

[2] *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373 (Fed. Cir. 2010) (determining the risk of inadvertent disclosure based on whether counsel with access to highly confidential information from alleged infringers is involved in "competitive decisionmaking" with respect to patent prosecution and weighing that risk against prejudice to a patentee if prevented from using preferred or more knowledgeable counsel to assist in PTO proceedings).

Defendant and Counterclaim-Plaintiff Sequenom, Inc.'s litigation counsel may participate in the following activities in connection with IPR proceedings:

1. Preparing Isis's declarants - including the inventors of the '540 Patent (whom litigation counsel represents in their personal capacity) - for depositions in the Review;

2. Taking depositions of Ariosa's declarants in the Review;

3. Reviewing the inventors' documents relating to conception and reduction to practice of their invention;

4. Discussing discovery in, and the status of, the Review with Sequenom and Isis;

5. Discussing discovery in, and the status of, the Review with the inventors of the '540 Patent;

6. Discussing discovery in, and the status of, the Review with Sterne Kessler (Isis's postgrant counsel);

7. Discussing responses to the arguments advanced by Ariosa attacking the validity of the '540 Patent in the Review and in the litigation.

8. Drafting Isis's patent owner's response and Isis's patent owner's preliminary response to Ariosa's second petition for Review; and

9. Drafting declarations in support of Isis's patent owner's response.

Defendant and Counterclaim-Plaintiff Sequenom, Inc.'s litigation counsel may not participate in any IPR activities that will affect the scope of the claims, including without limitation "drafting, amending, or advising on the scope or maintenance" of the patent claims or shaping the scope of any amended or added claim during the Review. Further, litigation counsel is prohibited from:

1. Drafting any claim amendments to be proposed in Review;

2. Providing advice on the direction that claims should take;

3. Discussing potential claim amendments with Review counsel; and

4. Participating in shaping the scope of any amended or added claim during the Review, including, but not limited to, being prohibited from the following activities:

    a. Participating in any of permitted activities 1-9 to the extent they relate to added or amended claims;

    b. Drafting or preparing expert declarations in the Review relating to any amended or added claim;

    c. Defending or taking any portion of a deposition in the Review relating to an amended or added claim;

      d.      Drafting or preparing any portion of ISIS's responses in the Review that affects any amended or added claim.

**IT IS SO ORDERED.**[3]

Dated: June 11, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[3] Also before the Court is a request for an Order to Show Cause for sanctions (raised via the Court's procedure for submitting discovery disputes in a letter brief), brought by Ariosa against counsel representing Isis. *See* Docket No. 193. Based on the submissions by Ariosa and Isis (Docket No. 194), the Court DENIES the request to issue an Order to Show Cause. If Ariosa or any party has concerns about compliance with the Court's protective orders, the party should file a noticed motion requesting an Order to Show Cause.