# Exhibit 6

# In The Matter Of:

*ARIA DIAGNOSTICS, INC.*

*v.*

*SEQUENOM, INC.*

---

*TATMAN, Ph.D., DERECK A. S. - Vol. 1*

*April 24, 2012*

---

**MERRILL CORPORATION**
LegaLink, Inc.
20750 Ventura Boulevard
Suite 205
Woodland Hills, CA 91364
Phone: 818.593.2300
Fax: 818.593.2301

DERECK A. S. TATMAN, Ph.D. - 4/24/2012

```
              UNITED STATES DISTRICT COURT

         FOR THE NORTHERN DISTRICT OF CALIFORNIA

                        --oOo--

ARIA DIAGNOSTICS, INC.,             )
                                    )
          Plaintiff,                )
                                    )Case No.
     v.                             )3:11-cv-06391-SI
                                    )
SEQUENOM, INC.,                     )
                                    )
          Defendant/                )
          Counterclaim-Plaintiff.   )
                                    )
     v.                             )
                                    )
ARIA DIAGNOSTICS, INC.,             )
                                    )
          Counterclaim-Defendant,   )
                                    )
     and                            )
                                    )
ISIS INNOVATION LIMITED,            )
                                    )
          Nominal Counterclaim-     )
          Defendant.                )
_____)


        CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY

                 VIDEOTAPED DEPOSITION OF

                 DERECK A. S. TATMAN, Ph.D.

          _____

                   Tuesday, April 24, 2012
```

REPORTED BY: SHERRI STARR, CRR, CSR 10245

| | | |
|---|---|---|
| 1 | novelty of the invention," what do you mean by "the | 09:50:36 |
| 2 | invention"? | 09:50:39 |
| 3 | MR. ROOT: Objection. Lacks foundation. | 09:50:43 |
| 4 | Calls for a legal conclusion. | 09:50:44 |
| 5 | THE WITNESS: The general ability to | 09:50:47 |
| 6 | detect and analyze extracellular fetal nucleic acids | 09:50:52 |
| 7 | in maternal circulation. | 09:50:59 |
| 8 | MS. GLASSER: Q. Now, what was it that | 09:51:09 |
| 9 | Dr. Lo or Dr. Wainscoat discovered that provided | 09:51:10 |
| 10 | this ability to detect and analyze the extracellular | 09:51:16 |
| 11 | fetal nucleic acids? | 09:51:21 |
| 12 | MR. ROOT: Objection. Lacks foundation. | 09:51:23 |
| 13 | Calls for speculation. | 09:51:24 |
| 14 | THE WITNESS: Can you repeat the question, | 09:51:32 |
| 15 | please? | 09:51:33 |
| 16 | MS. GLASSER: Would you mind reading it | 09:51:34 |
| 17 | back? | 09:51:36 |
| 18 | (The record was read as | 09:51:46 |
| 19 | follows: | 09:51:46 |
| 20 | "Question: Now, what was it | 09:51:46 |
| 21 | that Dr. Lo or Dr. Wainscoat | 09:51:46 |
| 22 | discovered that provided this | 09:51:46 |
| 23 | ability to detect and analyze | 09:51:46 |
| 24 | the extracellular fetal | 09:51:46 |
| 25 | nucleic acids?") | 09:51:46 |

DERECK A. S. TATMAN, Ph.D. - 4/24/2012

Page 36

| | | |
|---|---|---|
| 1 | MR. ROOT:  Same objections. | 09:51:47 |
| 2 | THE WITNESS:  They discovered the presence | 09:51:51 |
| 3 | of such fetal nucleic acids in maternal circulation | 09:51:53 |
| 4 | and the ability to detect those using standard | 09:51:58 |
| 5 | technologies of the time. | 09:52:02 |
| 6 | MS. GLASSER:  Q.  And what were the | 09:52:05 |
| 7 | standard technologies of the time? | 09:52:06 |
| 8 | A.  PCR-based methodologies. | 09:52:12 |
| 9 | Q.  What does PCR do? | 09:52:15 |
| 10 | MR. ROOT:  Objection.  Lacks foundation. | 09:52:18 |
| 11 | THE WITNESS:  PCR is the ability to | 09:52:22 |
| 12 | amplify and detect nucleic acids in solution. | 09:52:24 |
| 13 | MS. GLASSER:  Q.  And how long had that | 09:52:36 |
| 14 | been known in the art in the industry? | 09:52:38 |
| 15 | MR. ROOT:  Objection.  Lacks foundation. | 09:52:43 |
| 16 | THE WITNESS:  I don't recall.  Whenever | 09:52:48 |
| 17 | Kary Mullis reduced it to practice. | 09:52:55 |
| 18 | MS. GLASSER:  Q.  How does Sequenom | 09:52:58 |
| 19 | amplify in its MaterniT21 product? | 09:53:12 |
| 20 | MR. ROOT:  Objection.  Lacks foundation. | 09:53:18 |
| 21 | THE WITNESS:  I don't know the specifics | 09:53:23 |
| 22 | of the amplification process within our product. | 09:53:24 |
| 23 | MS. GLASSER:  Q.  Do you know it in | 09:53:28 |
| 24 | general terms? | 09:53:31 |
| 25 | MR. ROOT:  Objection.  Lacks foundation. | 09:53:31 |

| | | |
|---|---|---|
| 1 | THE WITNESS: In general, we amplify prior | 09:53:37 |
| 2 | to loading onto sequencers. | 09:53:39 |
| 3 | MS. GLASSER: Q. Is there a particular | 09:53:45 |
| 4 | method of amplification that you use? | 09:53:46 |
| 5 | MR. ROOT: Objection. Lacks foundation. | 09:53:50 |
| 6 | THE WITNESS: Well, we run this in the | 09:53:54 |
| 7 | clinical lab, so it's a very specific method and | 09:53:55 |
| 8 | protocol. I don't know what the specific | 09:53:58 |
| 9 | amplification procedure is as part of that process. | 09:54:00 |
| 10 | MS. GLASSER: Q. Is it a PCR-based | 09:54:04 |
| 11 | methodology? | 09:54:07 |
| 12 | MR. ROOT: Objection. Lacks foundation. | 09:54:08 |
| 13 | THE WITNESS: It is PCR-based. | 09:54:11 |
| 14 | MS. GLASSER: Q. How long did it take | 09:54:18 |
| 15 | Sequenom to develop its PCR-based amplification | 09:54:19 |
| 16 | methodology? | 09:54:23 |
| 17 | MR. ROOT: Objection. Lacks foundation. | 09:54:25 |
| 18 | Vague and ambiguous. | 09:54:28 |
| 19 | THE WITNESS: For the MaterniT21 test? | 09:54:30 |
| 20 | MS. GLASSER: Q. Yes. | 09:54:33 |
| 21 | MR. ROOT: Same objections. | 09:54:36 |
| 22 | THE WITNESS: I don't know how much | 09:54:50 |
| 23 | research effort was expended on that. | 09:54:53 |
| 24 | MS. GLASSER: Q. Is more than a couple | 09:54:59 |
| 25 | days, less than ten years accurate range? | 09:55:03 |

```
 1                        DECLARATION
 2
 3
 4         I hereby declare I am the deponent in the
 5    within matter and that I have read the foregoing
 6    deposition and know the contents thereof.
 7         I declare under penalties of perjury under
 8    the laws of the United States that the foregoing is
 9    true and correct.
10         This declaration is executed this ____ day
11    of_____, 2012, at _____,
12    California.
13
14
15                              _____
16                              Dereck A. S. Tatman, Ph.D.
17
18
19
20
21
22
23
24
25
```

```
1                    CERTIFICATE OF REPORTER
2           I, SHERRI STARR, a Certified Shorthand
3    Reporter, hereby certify that the witness in the
4    foregoing deposition was by me duly sworn to tell
5    the truth, the whole truth, and nothing but the
6    truth in the within-entitled cause;
7           That said deposition was taken in
8    shorthand by me, a disinterested person, at the time
9    and place therein stated, and that the testimony of
10   the said witness was thereafter reduced to
11   typewriting, by computer, under my direction and
12   supervision;
13          That before completion of the deposition,
14   review of the transcript [ ] was [X] was not
15   requested.  If requested, any changes made by the
16   deponent (and provided to the reporter) during the
17   period allowed are appended hereto.
18          I further certify that I am not of counsel
19   or attorney for either or any of the parties to the
20   said deposition, nor in any way interested in the
21   event of this cause, and that I am not related to
22   any of the parties thereto.
23             Dated:  April 25            , 2012.
24
25          _____
            SHERRI STARR, CSR No. 10245
```