1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARIOSA DIAGNOSTICS, INC.,

            Plaintiff/Counterdefendant,

   v.

SEQUENOM, INC.,

            Defendant/Counterclaimant.

_____/

No. C 11-06391 SI

**ORDER GRANTING PLAINTIFF'S
MOTION TO FILE UNDER SEAL**

17

18

19

      On December 4, 2013, plaintiff Ariosa Diagnostics, Inc. ("Ariosa") filed a bill of costs. Docket No. 268. On January 9, 2014, Ariosa filed a motion to file Exhibit C to its bill of costs under seal.[1] Docket No. 272.

20

21

22

23

24

25

26

      With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations

27

28

_____

[1] On January 13, 2013, Sequenom, Inc. filed an opposition to Ariosa's motion to seal, stating that Ariosa had failed to serve it with an unredacted copy of Exhibit C. Docket No. 273. On January 14, 2014, Ariosa filed a proof of service, stating that it has now served Sequenom with an unredacted version of the exhibit. Docket No. 274.

**United States District Court**
For the Northern District of California

and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b).

Because Ariosa's bill of costs is not a dispositive motion, the "good cause" standard applies. To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Exhibit C consists of various billing invoices from Ariosa's third party venders. Ariosa argues that Exhibit C should be filed under seal because it contains the confidential pricing information of these third party venders. Docket No. 272-1, Naini Decl. ¶ 4. Ariosa explains that the public disclosure of this competitive pricing information could cause the vendors harm if their competitors obtained this information. *Id.* ¶ 5; Docket No. 272 at 1. The Court concludes that Ariosa has shown good cause for sealing the exhibit. Moreover, Ariosa's sealing request appears to be narrowly tailored to seal only the portions of the exhibit that contain sealable information. Accordingly, the Court GRANTS Ariosa's motion to seal. Docket No. 272.

**IT IS SO ORDERED.**

Dated: January 16, 2014

_____
SUSAN ILLSTON
United States District Judge

2